The UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER, Appellant

v.

Summer and Layton DALE, Individually and as Next Friends of Macy Dale, a Minor, Appellees.

No. 05–05–00917–CV.

Court of Appeals of Texas, Dallas.

April 6, 2006.

David Grant Halpern, Asst. Atty. Gen., Austin, for Appellant.

Lori Dalton, Thompson & Knight, Jeffrey H. Rasansky, Rasansky Law Firm, Cathy Felty McArthur, Cooper & Scully, P.C., Dallas, for Appellee.

Before Justices WRIGHT, O'NEILL, and LANG–MIERS.

## OPINION

Opinion by Justice O'NEILL.

Appellant the University of Texas Southwestern Medical Center (UT Southwestern) appeals the trial court's order denying its motion to dismiss. In a single issue, UT Southwestern asserts appellees' suit should have been dismissed because appellees did not file an expert report in compliance with section 74.351 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (Vernon 2005). For the following reasons, we affirm the trial court's judgment.

Appellees Summer and Layton Dale, individually and as next friends of their infant daughter, Macy Dale, filed suit against UT Southwestern for injuries sustained by Macy. In their petition, appellees alleged four UT Southwestern resident physicians, Doctors Meghan Hate, T. McCavit, A. Verma, and A. Williamson, were negligent in their treatment of Macy and that their negligence proximately caused Macy's injuries. Appellees did not allege UT Southwestern was directly negligent, but alleged UT Southwestern was liable for the negligence of its residents. Appellees served UT Southwestern with a report by a medical expert specifically naming each resident and purporting to set forth how each resident breached the applicable standard of care. UT Southwestern never objected to the report, but filed a motion to dismiss the claims alleging appellees did not file an expert report "as to UT Southwestern." The trial court denied the motion to dismiss. This appeal followed.

Under section 74.351(a) of the civil practice and remedies code, a claimant bringing a health care liability claim must, not later than the 120th day after filing suit, serve on each party or the party's attorney one or more expert reports for each physician or health care provider against whom a liability claim is being asserted. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon 2005). "Expert report" means a written report by an expert that provides a fair summary of the expert's opinions regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(r)(6) (Vernon 2005).

■ UT Southwestern does not dispute that appellees served UT Southwestern with a report within 120 days of filing suit. Nor does UT Southwestern dispute that the report (1) named the applicable residents, (2) stated the applicable standard of care, (3) stated how each resident breached the standard of care, and (4) stated how the breach proximately caused the injury. Instead, UT Southwestern asserts appellees filed no expert report at all with respect to UT Southwestern because the report did not name "UT Southwestern." To show appellees were required to specifically name UT Southwestern, UT Southwestern cites cases in which the appellate court concluded the plaintiff's expert report did not satisfy the expert report requirement because it did not name the defendant. *See Taylor v. Christus Spohn Health Sys. Corp.*, 169 S.W.3d 241, 244 (Tex.App.-Corpus Christi 2005, no pet.); *Wood v. Tice*, 988 S.W.2d 829, 831–32 (Tex. App. San Antonio 1999, pet. denied); *Horsley–Layman v. Angeles*, 968 S.W.2d 533, 535 (Tex.App.-Texarkana 1998, no pet.). However, in each of these cases, the defendant was the alleged negligent party. *See Wood*, 988 S.W.2d at 831–32; *Horsley–Layman*, 968 S.W.2d at 535.

■ The purpose of the expert report requirement is to (1) inform the defendant

of the specific conduct the plaintiff has called into question, and (2) provide the trial court with a basis from which to conclude the claims have merit. *See Am. Transitional Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 879 (Tex.2001). Thus, what is relevant for purposes of the expert report is that the report specifically identify the person whose conduct the plaintiff is calling into question and show how that person's conduct constituted negligence. *See Taylor,* 169 S.W.3d at 244; *Wood,* 988 S.W.2d at 831–32; *Horsley–Layman,* 968 S.W.2d at 535.

In this case, appellees did not assert UT Southwestern was itself negligent. Thus, the expert report could not explain how UT Southwestern "breached the standard of care and how that breach caused or contributed to the cause of injury." *See Taylor,* 169 S.W.3d at 244. Rather, appellees claims against UT Southwestern are based entirely upon the actions of its resident physicians. We conclude that because appellants were not alleging UT Southwestern was directly negligent, the expert report was not required to mention UT Southwestern by name.[1] Further, because UT Southwestern does not assert the expert report was defective in explaining how the conduct of each of its residents constituted negligence, we conclude UT Southwestern does not present reversible error.

Finally, even if we were to conclude the report was somehow deficient, we would nevertheless affirm the trial court's judgment. After being sued for the conduct of four of its residents, UT Southwestern was served with a report identifying each resident by name and alleging each resident was negligent. Under these

circumstances, the report "implicated" UT Southwestern. Under 74.351(a), each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the twenty-first day after the date it was served, failing which all objections are waived. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon 2005). Because UT Southwestern did not object to appellees' expert report, it waived any objection to its adequacy. *Id.* We resolve the sole issue against UT Southwestern and affirm the trial court's judgment.

---

1. Presumably, all that UT Southwestern asserts the expert should have included was a statement that the residents were acting in the course and scope of their employment with UT Southwestern. However, we fail to see how a medical expert would be qualified to provide an opinion on this issue.