

# NUMBER 13-08-00113-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RGV HEALTHCARE ASSOCIATES, INC.                    Appellants,
& LEGEND RGV MCALLEN LP D/B/A
LEGEND TRANSITIONAL CARE - MCALLEN,

v.

OFELIA ESTEVIS, ODELIA MARROQUIN,
OREFELINDA CARDENAS, DELIA FLORES,
MIKE MARROQUIN, BALDEMAR MARROQUIN,
OFELIA M. ESTEVIS, AS REPRESENTATIVE OF
THE ESTATE OF SANTO MARROQUIN,                     Appellees.

On appeal from the 332nd District Court
of Hidalgo County, Texas.

# CONCURRING AND DISSENTING OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Vela**
**Dissenting In Part and Concurring In Part Opinion by Justice Vela**

I concur, in part, with the majority's opinion and dissent, in part. I believe that Dr. Rushing's report does not meet the statutory requirements for an expert report under section 74.351 of Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2008). I would reverse the order of the trial court denying RGV's motion to dismiss.

## I. DIRECT LIABILITY CLAIMS AGAINST RGV

I concur in the majority's holding that Rushing's report did not address how RGV's direct conduct deviated from the standard of care. But, I disagree with the majority's decision to exclude the negligent hiring and negligent supervision claims from its holding. Claims against an employer for negligent hiring, supervising, training, or retaining an employee are based on the theory of direct liability. *LaBella v. Charlie Thomas, Inc.,* 942 S.W.2d 127, 137 n. 9 (Tex. App.–Amarillo 1997, writ denied). I would hold that Rushing's report did not set forth a standard of care or the breach of a standard with regard to any of the direct liability claims pleaded by the Marroquins.

The majority decides that the negligent hiring and supervision claims have been waived because RGV did not articulate an objection that Rushing's report was deficient with regard to those direct liability theories. While the majority states that "the context of Rushing's report clearly implicates RGV Healthcare's role as Pablo and Gracie's supervisor," the opinion also recognizes that Rushing's report "implicated only the conduct of Pablo and Gracie, RGV Healthcare's employees."

Rushing's report does not state the standard of care for RGV with respect to direct liability or how RGV breached the standard of care in that role. But, even if the report implicated RGV in its role in the implementation of policies, rules, and procedures, I would

2

conclude that RGV's objections were sufficient with respect to all of the direct liability claims.

RGV objected in writing that the report did not delineate a standard of care or how it was breached. RGV also objected that "Dr. Rushing's report does not state how RGV allegedly breached the standard of care." At the hearing, RGV argued that Dr. Rushing's report failed to address elements necessary for a cause of action against RGV. These objections were sufficient for the Marroquins to be on notice that Dr. Rushing's report was deficient with regard to all of their direct liability claims against RGV. Certainly, the Marroquins knew what direct liability claims they had asserted against RGV; it was they who had pleaded direct liability against RGV.

There is no reason that RGV would be required to be more specific in its objections. The Marroquins sought direct liability against RGV for negligent hiring, supervision and implementation of policies and procedures. When objecting to the sufficiency of a report, the statute does not set forth the specificity required for objections. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp. 2006); *see also Meyers v. Golden Palms Ret. & Health Ctr., Inc.*, No. 13-06-289-CV, 2007 WL 1500819, at *8 (Tex. App.–Corpus Christi May 24, 2007, pet. denied). There appears to be little case law outlining what is required for an objection to be sufficient under the statute. Nonetheless, RGV's objections were sufficient to put the Marroquins on notice that the expert report was insufficient regarding all of the direct liability claims it pleaded against RGV. It was clear that Rushing's report did not address the direct liability claims at all.

3

## II. Claims Against The Nurse And CNA

The Marroquins also asserted vicarious liability claims against RGV that complained of the conduct of a nurse and an assistant and asserted negligence claims against the nurse and the CNA, individually. I would hold that Rushing's report was inadequate in articulating the applicable standard of care and breach concerning each of the defendants. The expert report is required to specifically implicate the conduct of *each* defendant (emphasis added). *Am. Transitional Care Ctrs. of Tex. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001).

Rushing's report does not specify a standard of care for a nurse or a certified nursing assistant. With respect to the standard of care, Rushing's report indicates that a body check should have been performed. However, Rushing does not state that such a check had not been done. Even the majority acknowledges that the report does not mention whether daily body checks were done during the two-and-a-half day period that Mrs. Santos resided at RGV. Rushing also fails to articulate whose duty it was to perform the body check. Was it the duty of the nurse, the CNA, or both? Dr. Rushing's report is inadequate with regard to the standards of care for an entity such as RGV, a nurse and a CNA. It is also inadequate with respect to how the standards of care were breached in this case.

## III. Taylor v. Christus Spohn

I also believe the majority opinion conflicts with *Taylor v. Christus Spohn Health System*, where this Court said "an expert report may not assert that multiple defendants are all negligent for failing to meet the standard of care without providing an explanation of how *each* defendant specifically breached the standard and how that breach caused or

4

contributed to the cause of injury." *Taylor*, 169 S.W.3d 241, 244 (Tex. App.–Corpus Christi 2004, no pet.). (emphasis added). Rushing's report never specified which party was responsible for undertaking which procedures. *See id.* at 246. The majority attempts to distinguish *Taylor* because it did not deal with health care liability claims asserted under a theory of vicarious liability. Nevertheless, I believe the rule of law set forth in *Taylor* applies. Even under vicarious liability, it is necessary for a defendant who has been sued, and will be ultimately responsible if liability is imposed, to know what the standard of care entails for its employees who have been sued, which of its employees breached the standard of care, and how the standard was breached by those specific employees. While the report need not name the hospital in situations where only vicarious liability is sought, the report must nonetheless, identify the standard of care applicable to the employee, how the standard was breached, and how the breach caused injury. *Univ. of Sw. Med. Ctr. v. Dale*, 188 S.W.3d 877, 879 (Tex. App.–Dallas 2006, no pet.).

We are also confined to the four corners of the report in our review. *Palacios*, 46 S.W.3d at 878. The Marroquins' own report stated that the doctor was asked to determine

> whether or not the care and treatment provided by The Legend Transitional Health Care Center and its staff [RGV], Pablo, RN last name unknown, Gracey [sic], last name unknown, CNA, met the applicable standards of care and if the care did fall below such standards, whether the injuries resulted from the breach of the standards.

5

I believe the report does not meet the statutory standard and is inadequate.  I would reverse the order of the trial court.


                                        ROSE VELA
                                        Justice


Dissenting In Part and Concurring In Part Opinion
delivered and filed this 2nd day of July, 2009.

6