NUMBER 13-09-199-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 

 

CHRISTUS SPOHN HEALTH SYSTEM Appellant,

CORPORATION D/B/A CHRISTUS SPOHN

HOSPITAL CORPUS CHRISTI-MEMORIAL

F/K/A CHRISTUS SPOHN HOSPITAL MEMORIAL,


v. 


RONNIE TRAMMELL, JR., INDIVIDUALLY, AND AS

PERSONAL REPRESENTATIVE OF THE ESTATE

OF RONNIE TRAMMELL, SR., Appellee.

 


On appeal from the 148th District Court 

of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Vela
 

 Appellant, Christus Spohn Health System Corporation d/b/a Christus Spohn
Memorial Hospital ("Spohn" or "hospital"), appeals a trial court order denying its motion to
dismiss the health care liability claim of appellee, Ronnie Trammell, Jr., ("Trammell"),
individually, and as personal representative of the estate of Ronnie Trammell, Sr. By three
issues, the hospital argues that: (1) Trammell's expert was not qualified to opine with
regard to the standard of care applicable to hospital employees; (2) the expert report was
insufficient because it did not identify the hospital employee allegedly at fault; and (3) the
expert report was insufficient with regard to causation. We reverse and remand. 

I. Background

 Trammell filed suit against the hospital, Dialysis Specialists of South Texas, and
David Blanchard, M.D., on May 18, 2007, complaining that the defendants were negligent
in the care of his father, Ronnie Trammell, Sr. ("Trammell, Sr."). This appeal concerns only
the claims against Spohn, which included: (1) failure to warn Trammell, Sr. of the dangers
of its treatment; (2) failure to properly perform medical treatment; (3) failure to recognize
Trammell, Sr.'s symptoms; (4) failure to inform Trammell, Sr. of his "true physical state"
after treatment; (5) failure to disclose all risks; and (6) releasing Trammell, Sr. from the
hospital to his home too soon. The petition states that Trammell, Sr. was seen in the
Spohn emergency room on December 15, 2005, because he was bleeding from a
peripheral bypass graft on his right leg. Trammell, Sr. was a dialysis patient and the
problem had been discovered earlier that day while he was receiving care at the dialysis
center. According to the petition, Trammell, Sr. was treated by Dr. David Blanchard who
made a handwritten note indicating that he should return to dialysis. The hospital
discharge form indicated that Trammell, Sr. should go home, follow up with his doctor, go
to dialysis, and return to the emergency room as needed. According to the pleadings,
Trammell, Sr. returned home and, during the night, suffered massive blood loss and died. 

 After filing suit, Trammell served an original expert report from James Wood, M.D.,
a nephrologist. Because it was insufficient, the trial court signed an order allowing
Trammell a thirty day extension to file an amended report. See Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(c) (Vernon Supp. 2008). Thereafter, on May 18, 2008, Trammell
submitted the report of Dahlia M. Hassani, M.D., which is the subject of this interlocutory
appeal. 

 Dr. Hassani's report stated the she is a licensed physician specializing in emergency
medicine. With respect to the care rendered by Spohn, Dr. Hassani's report stated:

 In terms of any liability in regards to Christus Spohn Hospital Corpus Christi
Memorial, assuming discharge instructions are generated by an employee
of the hospital, a hospital has a duty to generate and produce documents
and records that are accurate written representations of what is said verbally
to the patient as well as an accurate representation of the follow up decision
of the physician. In this case, Mr. Trammell's records fail to include relevant
information in the instructions that the patient should contact his surgeon. 
It states, "Follow up with your doctor." Furthermore, the instructions
generated are for: "Chronic Renal Failure/Bleeding Dialysis Shunt." In this
situation, the wound is postoperative from vascular surgery. These records
and instructions fail to meet the proper standard of care with regard to the
duties stated above. (Emphasis added).


 With regard to causation, Dr. Hassani opined: "If one can assume that this
information is an essential component in the events that caused death, then a causal link
can be made." (Emphasis added).

 Spohn objected to the report because it did not inform the hospital of the specific
conduct called into question and it was conclusory. Spohn also claims that the report did
not properly identify the hospital employee that was allegedly at fault, nor did it sufficiently
describe any causal link. On March 16, 2009, the trial court denied Spohn's motion to
dismiss. Spohn filed a timely notice of interlocutory appeal.

II. Standard of Review and Applicable Law

 We review a trial court's decision on a motion to dismiss under section 74.351 of the
Texas Civil Practice and Remedies Code for abuse of discretion. Jernigan v. Langley, 195
S.W.3d 91, 93 (Tex. 2006); Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d
873, 878 (Tex. 2001). The trial court abuses its discretion if it acts unreasonably or
arbitrarily or without reference to any guiding rules or principles. Walker v. Gutierrez, 111
S.W.3d 56, 62 (Tex. 2003).

 Under section 74.351, a claimant must "serve on each party or the party's attorney"
an expert report and curriculum vitae "not later than the 120th day after the date the
original petition was filed." Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). An expert
report is a written report by an expert that provides a fair summary of the expert's opinions
regarding applicable standards of care, the manner in which the care rendered failed to
meet the standards, and the causal relationship between that failure and the injury, harm,
or damages claimed. Id. § 74.351(r)(6).


 In our review of an expert report, we are limited to what is within the four corners of
the report in determining whether the report manifests a good faith effort to comply with the
statutory definition of an expert report. Palacios, 46 S.W.3d at 878; see Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(l) (requiring that the trial court "grant a motion challenging the
adequacy of the expert report only if appears to the court, after hearing, that the report
does not represent an objective good faith effort to comply" with the statutory definition). 
The report "need not marshal all the plaintiff's proof." Palacios, 46 S.W.3d at 878;
Jernigan, 195 S.W.3d at 93. If the expert report puts the defendant on notice of the
specific conduct complained of and provides the trial court a basis on which to conclude
that the claims have merit, the report represents a good-faith effort to comply with the
statute. Palacios, 46 S.W.3d at 879. 

 The report must discuss the standard of care, breach and causation with sufficient
specificity to inform the defendant of the conduct called into question. Id. at 878-79. What
is relevant for purposes of the expert report is that the report specifically identify the person
whose conduct the plaintiff is calling into question and show how that person's conduct
constituted negligence. Univ. of Tex. S.W. Med. Ctr. v. Dale, 188 S.W.3d 877, 879 (Tex.
App.-2006, no pet.). An opinion based upon one assumption or conclusion built upon
another is not sufficient. Hagedorn v. Tisdale, 73 S.W.3d 341, 351 (Tex. App.-Amarillo
2002, no pet.). A report should explain how the defendant's action or inaction caused
injury. Bowie Mem.'l Hosp. v. Wright, 79 S.W.3d 48, 53 (Tex. 2002). A conclusory report
does not meet the statutory test because it does not satisfy Palacios. Id. A court may not
fill in gaps in a report by drawing inferences or guessing what the expert meant or
intended. Austin Heart, P.A. v. Webb, 228 S.W.3d 276, 279 (Tex. App.-Austin 2007, no
pet.). Furthermore, causation may not be inferred. Castillo v. August, 248 S.W.3d 874,
883 (Tex. App.-El Paso 2008, no pet.).

III. Analysis

 Spohn argues in its second and third issues that the report was legally insufficient
with respect to both the standard of care and causation because it is conclusory. We
agree that Dr. Hassani's report is insufficient with respect to causation. Dr. Hassani makes
no attempt in her report to identify the person, office, or department that is responsible for
hospital discharge orders. She does not positively state that the discharge summary in this
case was, in fact, generated by Spohn employees. Even if we were to conclude that the
hospital employees were properly identified, Dr. Hassani's opinion with respect to
causation is wholly inadequate because it is nothing more than conjecture. An expert
report is insufficient when it contains only a series of repetitious, conclusory statements
regarding causation. See Jones v. King, 255 S.W.3d 156, 159 (Tex. App.-San Antonio
2008, pet. denied) (stating that an expert must "explain the basis of his statements to link
his conclusions to the facts"). In fact, Dr. Hassani opines that "if one can assume the
information is an essential component then a causal link can be made." (Emphasis
added). She does not even commit to the assumption offered in her report; she merely
suggests that if an assumption can be made, then "a causal link can be made." In other
words, she suggests that if you can assume causation, then a causal link can be made.
This will not support a claim because causation, in a medical malpractice case, must be
established by expert testimony. Columbia Med. Ctr. of Las Colinas v. Hogue, 271 S.W.3d
238, 246 (Tex. 2008) 

 Dr. Hassani's report builds inference upon inference. The first inference she makes
is that the discharge summary was prepared by a hospital employee. There is no actual
factual basis within the four corners of the report for this assumption. Dr. Hassani's report
attempts to stack that inference upon another inference-that the information is "an
essential component in the events that caused the death"-in an attempt to make a causal
connection. She does not state, however, that the information on the discharge summary
was an essential component in the events that caused the death. Even if we were to
assume that the report met the requirements of Palacios with respect to the standard of
care, the report does not explain how the preparation of the discharge summary caused
the injury, nor does it set forth with specificity what the hospital's responsibilities were with
respect to the discharge orders. The report does not elucidate in any way what the
hospital did or failed to do with respect to the discharge summary. The report does not
provide a fair summary of the expert's opinions regarding what the hospital employees did
or failed to do or the causal relationship between that failure and the injury, harm, or
damages claimed. See id. § 74.351(r)(6).

 Because the expert report fails to link any action or inaction by the hospital to
Trammell, Sr.'s death, it is inadequate with respect to the necessary element of causation.
Therefore, the trial court abused its discretion in failing to dismiss the case against the
hospital with prejudice. We sustain Spohn's third issue. We do not address the hospital's
other issues as they are not necessary to the disposition of this appeal. See Tex. R. App.
P. 47.1. 

IV. Conclusion

 We reverse the order of the trial court and remand this matter to the trial court for
entry of an order dismissing Trammell's claim against the hospital with prejudice and for
a determination of an award of reasonable attorney's fees. See Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(b)(1).

 

 

 ROSE VELA

 Justice



Memorandum Opinion delivered and 

filed this 13th day of August, 2009.