

NUMBER 13-09-199-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHRISTUS SPOHN HEALTH SYSTEM                                    Appellant,
CORPORATION D/B/A CHRISTUS SPOHN
HOSPITAL CORPUS CHRISTI-MEMORIAL
F/K/A CHRISTUS SPOHN HOSPITAL MEMORIAL,

v.

RONNIE TRAMMELL, JR., INDIVIDUALLY, AND AS
PERSONAL REPRESENTATIVE OF THE ESTATE
OF RONNIE TRAMMELL, SR.,                                        Appellee.

On appeal from the 148th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Vela

Appellant, Christus Spohn Health System Corporation d/b/a Christus Spohn Memorial Hospital ("Spohn" or "hospital"), appeals a trial court order denying its motion to dismiss the health care liability claim of appellee, Ronnie Trammell, Jr., ("Trammell"), individually, and as personal representative of the estate of Ronnie Trammell, Sr. By three issues, the hospital argues that: (1) Trammell's expert was not qualified to opine with regard to the standard of care applicable to hospital employees; (2) the expert report was insufficient because it did not identify the hospital employee allegedly at fault; and (3) the expert report was insufficient with regard to causation. We reverse and remand.

## I. BACKGROUND

Trammell filed suit against the hospital, Dialysis Specialists of South Texas, and David Blanchard, M.D., on May 18, 2007, complaining that the defendants were negligent in the care of his father, Ronnie Trammell, Sr. ("Trammell, Sr."). This appeal concerns only the claims against Spohn, which included: (1) failure to warn Trammell, Sr. of the dangers of its treatment; (2) failure to properly perform medical treatment; (3) failure to recognize Trammell, Sr.'s symptoms; (4) failure to inform Trammell, Sr. of his "true physical state" after treatment; (5) failure to disclose all risks; and (6) releasing Trammell, Sr. from the hospital to his home too soon. The petition states that Trammell, Sr. was seen in the Spohn emergency room on December 15, 2005, because he was bleeding from a peripheral bypass graft on his right leg. Trammell, Sr. was a dialysis patient and the problem had been discovered earlier that day while he was receiving care at the dialysis center. According to the petition, Trammell, Sr. was treated by Dr. David Blanchard who

2

made a handwritten note indicating that he should return to dialysis. The hospital discharge form indicated that Trammell, Sr. should go home, follow up with his doctor, go to dialysis, and return to the emergency room as needed. According to the pleadings, Trammell, Sr. returned home and, during the night, suffered massive blood loss and died.

After filing suit, Trammell served an original expert report from James Wood, M.D., a nephrologist. Because it was insufficient, the trial court signed an order allowing Trammell a thirty day extension to file an amended report. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c) (Vernon Supp. 2008). Thereafter, on May 18, 2008, Trammell submitted the report of Dahlia M. Hassani, M.D., which is the subject of this interlocutory appeal.

Dr. Hassani's report stated the she is a licensed physician specializing in emergency medicine. With respect to the care rendered by Spohn, Dr. Hassani's report stated:

> *In terms of any liability* in regards to Christus Spohn Hospital Corpus Christi Memorial, *assuming discharge instructions are generated by an employee of the hospital*, a hospital has a duty to generate and produce documents and records that are accurate written representations of what is said verbally to the patient as well as an accurate representation of the follow up decision of the physician. In this case, Mr. Trammell's records fail to include relevant information in the instructions that the patient should contact his surgeon. It states, "Follow up with your doctor." Furthermore, the instructions generated are for: "Chronic Renal Failure/Bleeding Dialysis Shunt." In this situation, the wound is postoperative from vascular surgery. These records and instructions fail to meet the proper standard of care with regard to the duties stated above. (Emphasis added).

With regard to causation, Dr. Hassani opined: "*If one can assume* that this information is an essential component in the events that caused death, then a causal link

3

can be made." (Emphasis added).

Spohn objected to the report because it did not inform the hospital of the specific conduct called into question and it was conclusory. Spohn also claims that the report did not properly identify the hospital employee that was allegedly at fault, nor did it sufficiently describe any causal link. On March 16, 2009, the trial court denied Spohn's motion to dismiss. Spohn filed a timely notice of interlocutory appeal.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's decision on a motion to dismiss under section 74.351 of the Texas Civil Practice and Remedies Code for abuse of discretion. *Jernigan v. Langley,* 195 S.W.3d 91, 93 (Tex. 2006)*; Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 878 (Tex. 2001). The trial court abuses its discretion if it acts unreasonably or arbitrarily or without reference to any guiding rules or principles. *Walker v. Gutierrez,* 111 S.W.3d 56, 62 (Tex. 2003).

Under section 74.351, a claimant must "serve on each party or the party's attorney" an expert report and curriculum vitae "not later than the 120th day after the date the original petition was filed." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). An expert report is a written report by an expert that provides a fair summary of the expert's opinions regarding applicable standards of care, the manner in which the care rendered failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed. *Id.* § 74.351(r)(6).

In our review of an expert report, we are limited to what is within the four corners of the report in determining whether the report manifests a good faith effort to comply with the statutory definition of an expert report. *Palacios,* 46 S.W.3d at 878; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(*l*) (requiring that the trial court "grant a motion challenging the adequacy of the expert report only if appears to the court, after hearing, that the report does not represent an objective good faith effort to comply" with the statutory definition). The report "need not marshal all the plaintiff's proof." *Palacios,* 46 S.W.3d at 878; *Jernigan,* 195 S.W.3d at 93. If the expert report puts the defendant on notice of the specific conduct complained of and provides the trial court a basis on which to conclude that the claims have merit, the report represents a good-faith effort to comply with the statute. *Palacios,* 46 S.W.3d at 879.

The report must discuss the standard of care, breach and causation with sufficient specificity to inform the defendant of the conduct called into question. *Id*. at 878-79. What is relevant for purposes of the expert report is that the report specifically identify the person whose conduct the plaintiff is calling into question and show how that person's conduct constituted negligence. *Univ. of Tex. S.W. Med. Ctr. v. Dale*, 188 S.W.3d 877, 879 (Tex. App.–2006, no pet.). An opinion based upon one assumption or conclusion built upon another is not sufficient*. Hagedorn v. Tisdale*, 73 S.W.3d 341, 351 (Tex. App.–Amarillo 2002, no pet.). A report should explain how the defendant's action or inaction caused injury. *Bowie Mem.'l Hosp. v. Wright*, 79 S.W.3d 48, 53 (Tex. 2002). A conclusory report does not meet the statutory test because it does not satisfy *Palacios*. *Id*. A court may not

5

fill in gaps in a report by drawing inferences or guessing what the expert meant or intended. *Austin Heart, P.A. v. Webb*, 228 S.W.3d 276, 279 (Tex. App.–Austin 2007, no pet.). Furthermore, causation may not be inferred. *Castillo v. August*, 248 S.W.3d 874, 883 (Tex. App.–El Paso 2008, no pet.).

### III. ANALYSIS

Spohn argues in its second and third issues that the report was legally insufficient with respect to both the standard of care and causation because it is conclusory. We agree that Dr. Hassani's report is insufficient with respect to causation. Dr. Hassani makes no attempt in her report to identify the person, office, or department that is responsible for hospital discharge orders. She does not positively state that the discharge summary in this case was, in fact, generated by Spohn employees. Even if we were to conclude that the hospital employees were properly identified, Dr. Hassani's opinion with respect to causation is wholly inadequate because it is nothing more than conjecture. An expert report is insufficient when it contains only a series of repetitious, conclusory statements regarding causation. *See Jones v. King*, 255 S.W.3d 156, 159 (Tex. App.–San Antonio 2008, pet. denied) (stating that an expert must "explain the basis of his statements to link his conclusions to the facts"). In fact, Dr. Hassani opines that "*if one can assume* the information is an essential component then a causal link can be made." (Emphasis added). She does not even commit to the assumption offered in her report; she merely suggests that *if* an assumption can be made, then "a causal link can be made." In other words, she suggests that if you can assume causation, then a causal link can be made.

6

This will not support a claim because causation, in a medical malpractice case, must be established by expert testimony. *Columbia Med. Ctr. of Las Colinas v. Hogue*, 271 S.W.3d 238, 246 (Tex. 2008)

Dr. Hassani's report builds inference upon inference. The first inference she makes is that the discharge summary was prepared by a hospital employee. There is no actual factual basis within the four corners of the report for this assumption. Dr. Hassani's report attempts to stack that inference upon another inference–that the information is "an essential component in the events that caused the death"–in an attempt to make a causal connection. She does not state, however, that the information on the discharge summary was an essential component in the events that caused the death. Even if we were to assume that the report met the requirements of *Palacios* with respect to the standard of care, the report does not explain how the preparation of the discharge summary caused the injury, nor does it set forth with specificity what the hospital's responsibilities were with respect to the discharge orders. The report does not elucidate in any way what the hospital did or failed to do with respect to the discharge summary. The report does not provide a fair summary of the expert's opinions regarding what the hospital employees did or failed to do or the causal relationship between that failure and the injury, harm, or damages claimed. *See id.* § 74.351(r)(6).

Because the expert report fails to link any action or inaction by the hospital to Trammell, Sr.'s death, it is inadequate with respect to the necessary element of causation. Therefore, the trial court abused its discretion in failing to dismiss the case against the

7

hospital with prejudice. We sustain Spohn's third issue. We do not address the hospital's other issues as they are not necessary to the disposition of this appeal. *See* TEX. R. APP. P. 47.1.

## IV. CONCLUSION

We reverse the order of the trial court and remand this matter to the trial court for entry of an order dismissing Trammell's claim against the hospital with prejudice and for a determination of an award of reasonable attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(1).

ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 13th day of August, 2009.

8