**Affirmed and Opinion Filed July 2, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01393-CV

### HARMEL & CAR, INC. D/B/A RIGHT AT HOME, Appellant
### V.
### MARIA COLLINS, Appellee

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-02515**

## MEMORANDUM OPINION

Before Justices Fillmore, Stoddart, and Whitehill
Opinion by Justice Whitehill

This is a health care liability case. Appellee Maria Collins sued appellant Harmel & Car, Inc. d/b/a Right at Home and others for personal injuries that she allegedly suffered in a fall at an inpatient rehabilitation facility. She timely furnished two reports in an attempt to comply with civil practice and remedies code § 74.351. Harmel later filed a motion to dismiss, contending that Collins's reports did not satisfy the statutory requirements. Collins responded that Harmel waived its objections by not asserting them within the statutorily required 21 days after she served the reports. The trial court denied the motion, and Harmel timely perfected this interlocutory appeal. We affirm.

# I. BACKGROUND

## A.     Factual Allegations

Collins alleged the following facts in her live pleading.  In March 2012, she underwent surgery and then was transferred to a facility called Pearl Nordan Care Center for inpatient rehabilitation.  She suffered from many health problems, including dementia.  Because of her condition, Collins was assessed as a high fall risk, and it was determined that she needed monitoring around the clock.

Pearl Nordan did not have a Spanish speaker on staff to monitor Collins, so Harmel "was brought in to provide a 'caregiver' so that Ms. Collins could be monitored full time."  A nurse named Jermaima Juuko, an agent or employee of Harmel, was responsible for Collins's care on March 14, 2012.  On that same date, Collins was left unattended in her room, and she fell.  The fall caused injuries that necessitated another surgery.  Collins now suffers from continued pain and limited use of her right hip.

## B.     Procedural History

In March 2014, Collins sued Harmel, Juuko, and Pearl Nordan for negligence and gross negligence, alleging among other things that Juuko was Harmel's agent or employee.  In addition to her claims against Juuko and Pearl Nordan, she asserted direct liability claims against Harmel for its own negligence, such as failing to adequately supervise its employees, and vicarious liability claims against Harmel for the negligence of its agents and employees.

Collins timely served a report by Sheri Innerarity, Ph.D., a registered nurse, and a later report by Peter Gailiunas, Jr., M.D.  Both reports focused primarily on Juuko's and Pearl Nordan's conduct as breaching the relevant standards of care and causing Collins's injuries.  They also mentioned Harmel as shown below.

Innerarity's report said the following about Harmel using its business name "Right at Home":

> As a result [of Collins's fall risk and inability to speak any language but Spanish], Mrs. Juuko was hired through Right at Home as a full time attendant and translator.
>
> . . .
>
> [Juuko was negligent as follows:]
>
> 4. Failing to provide constant monitoring, which was the purpose of hiring Right at Home (Mrs. Juuko) to provide a safe environment.

Gailiunas's report has the following similar statements:

> Because Ms. Collins met the criteria for a fall risk, a private nurse was employed, Jermaima Juuko of Right At Home. . . .
>
> . . .
>
> [The nurses including Juuko were negligent as follows:]
>
> 4. Failing to provide constant monitoring, which was the purpose of hiring Right at Home (Mrs. Juuko) to provide a safe environment.

Harmel did not object to either report within 21 days after they were served. After the 120 day expert report deadline passed, however, Harmel moved to dismiss all claims against it with prejudice. Harmel argued that it was entitled to dismissal because (1) neither report addressed the standard of care for home and community support services agencies like Harmel, and (2) Innerarity's report did not mention Harmel beyond "an incorrect statement that Juuko is an employee of" Harmel and Gailiunas's report did not mention Harmel at all.[1]

Harmel supported its motion with its president Harley Cohen's affidavit, which said that Harmel was a home and community support services agency under chapter 142 of the health and safety code. Cohen also said that Pearl Nordan hired Harmel to provide "sitting services" for

---

[1] Harmel's assertion about the Gailiunas report was incorrect, as shown by the quotations above.

Collins, that Harmel provided those services from March 9 until March 14, 2012, and that "Jermaima Juuko is not currently and has never been an employee of [Harmel]."

Collins responded that her reports were sufficient and that Harmel had waived its motion by failing to object to the reports within 21 days after they were served.

The trial court denied Harmel's motion to dismiss, and Harmel's interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (West 2015).

## II. ANALYSIS

### A. The Parties' Contentions

In a single issue, Harmel argues that the trial court abused its discretion in denying Harmel's motion to dismiss because:

> The Reports fail to implicate [Harmel] or address the standard of care applicable to a Home and Community Support Services Agency. The Innerarity Report addresses the conduct and standard of care for Juuko and Pearl Nordan, but not [Harmel]. The only mention of [Harmel] is the factually inaccurate statement that Juuko was an employee of [Harmel]. Further, even if Juuko was an employee of [Harmel], the Reports fail to address the applicable standard of care for a Home and Community Support Services Agency. Similar to the Innerarity Report, the Gailiunas Report mentions [Harmel] only once, an incorrect statement that Juuko worked for [Harmel]. Besides this inaccurate statement, the Gailiunas Report makes no mention of [Harmel], does not implicate [Harmel's] conduct, and does not address the standard of care applicable to [Harmel] as a Home and Community Support Services Agency. (record citations omitted)

Based on those concepts, Harmel argues that the Reports do not implicate Harmel, and Harmel was thus not required to object to the reports' sufficiency within the 21 day statutory deadline for serving such objections. Accordingly, Harmel argues, the trial court abused its discretion by not dismissing Collins's claims for failure to assert a timely expert report describing the appropriate standard of care applicable to a home and community support services agency like Harmel.

Collins responds that the reports were adequate because they (1) expressly name Harmel, (2) were based on Collins's and the experts' good faith belief that Juuko was Harmel's

–4–

employee, and (3) are sufficient in their four corners to implicate Harmel based on a vicarious liability claim. Collins further argues that Harmel waived any complaint about the reports' sufficiency by not timely serving an objection identifying the alleged deficiency, and the trial court properly denied Harmel's motion to dismiss.

We agree with Collins for the reasons discussed below.

## B. Standard of Review

We review a trial court's order on a motion to dismiss a health care liability claim for an abuse of discretion. *Nexion Health at Duncanville, Inc. v. Ross*, 374 S.W.3d 619, 622 (Tex. App.—Dallas 2012, pet. denied). A trial court abuses its discretion if it rules arbitrarily and without reference to guiding rules and principles. *Id*. The trial court has no discretion in determining what the law is or in applying the law to the facts. *Id*.

## C. Applicable Law

A plaintiff who files a health care liability claim must serve an expert report on each defendant within 120 days after the date each defendant's original answer is filed. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp. 2014). To be an "expert report," a report must provide a fair summary of the expert's opinions regarding applicable standards of care, the manner in which the defendant failed to meet the standards, and the causal relationship between the failure and the injury claimed. *Id*. § 74.351(r)(6).

"Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived." *Id*. § 74.351(a). If a defendant is obliged to object and fails to timely do so, its motion to dismiss based on the insufficiency of the report must be denied. *See Ogletree v. Matthews*, 262 S.W.3d 316, 322 (Tex. 2007).

If the plaintiff fails to timely serve an expert report as to a defendant, the trial court shall, on motion of the affected defendant, dismiss the claim with prejudice and award reasonable attorneys' fees and costs of court incurred by the defendant. CIV. PRAC. § 74.351(b)(1)–(2).

"When a party's alleged health care liability is purely vicarious, a report that adequately implicates the actions of that party's agents or employees is sufficient." *Gardner v. U.S. Imaging, Inc.*, 274 S.W.3d 669, 671–72 (Tex. 2008) (per curiam); *see Univ. of Tex. Sw. Med. Ctr. v. Dale*, 188 S.W.3d 877, 879 (Tex. App.—Dallas 2006, no pet.) (reports against medical residents implicated their alleged employer, even though employer was not mentioned in reports)

If any liability theory against a particular defendant has been adequately covered by an expert report, the entire case may proceed against that defendant. *Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 632 (Tex. 2013).

**D.     Do the reports implicate Harmel's conduct?**

Implicitly acknowledging that it waived its objections if the reports implicated it under any theory, Harmel argues that Collins's reports do not implicate Harmel because the Cohen affidavit stated that Juuko was never Harmel's employee. Ignoring the fact that such a statement would not address whether Juuko was nonetheless Harmel's agent, when reviewing a report's sufficiency, courts are limited to the four corners of the report. *See, e.g.*, *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam); *Brewer v. Standefer*, 366 S.W.3d 326, 332 (Tex. App.—Dallas 2012, no pet.). Thus, we disregard the Cohen affidavit.

Based on the claims as pled and the material contained within the four corners of Collins's reports, the trial court did not abuse its discretion by concluding that the reports adequately implicated Harmel through the conduct of its alleged employee and agent Juuko. *See Dale*, 188 S.W.3d at 879 (because hospital did not challenge report's sufficiency as to hospital's employees, it failed to show reversible error).

And, because Harmel's motion to dismiss was properly denied as to one of Collins's liability theories, the trial court correctly denied the motion outright and permitted the entire case to go forward. *See Potts*, 392 S.W.3d at 632.

**E.     Did Harmel waive its objection that Collins's reports did not set forth the applicable standard of care?**

Harmel's argument that the reports could not implicate Harmel's conduct without addressing the standard of care applicable to a home and community support services agency lacks merit because that complaint would be an objection that the report does not sufficiently describe the proper standard of care. *See* CIV. PRAC. § 74.351(r)(6) (expert report must contain fair summary of expert's opinions about "applicable standards of care"). As such, Harmel waived that objection by failing to assert it timely within the required 21 day statutory objection period. *See Ogletree*, 262 S.W.3d at 322 (hospital waived complaints that report was insufficient as to all elements and that expert was unqualified because it did not object within 21 day period).

Because Harmel waived its complaint that the reports failed to address the standard of care applicable to home and community support services agencies, the trial court did not abuse its discretion by rejecting Harmel's motion to dismiss on that basis.

### III. DISPOSITION

For the foregoing reasons, we affirm the trial court's order denying Harmel's chapter 74 motion to dismiss.

141393F.P05

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HARMEL & CAR, INC. D/B/A RIGHT AT HOME, Appellant

No. 05-14-01393-CV          V.

MARIA COLLINS, Appellee

On Appeal from the 160th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-14-02515.
Opinion delivered by Justice Whitehill.
Justices Fillmore and Stoddart participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's order denying appellant Harmel & Car, Inc. d/b/a Right at Home's motion to dismiss with prejudice.

It is **ORDERED** that appellee Maria Collins recover her costs of this appeal from appellant Harmel & Car, Inc. D/B/A Right at Home.

Judgment entered July 2, 2015.