Scott RIVENES, M.D., Appellant,

v.

Donald M. HOLDEN and Mary Holden, Appellees.

No. 14–07–00438–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 8, 2008.

Rehearing Overruled June 26, 2008.

Callie Elizabeth Murphy, Houston, for appellant.

David William Ghisalbert, John C. Osborne, Houston, for appellees.

Panel consists of Justices YATES, FOWLER, and GUZMAN.

## SUBSTITUTE OPINION

WANDA McKEE FOWLER, Justice.

On the Holdens' motion for rehearing, we withdraw our March 11, 2008 opinion and judgment, substitute the following, and overrule the motion for rehearing. Our holding remains unchanged.

Appellant, Scott Rivenes, M.D., appeals from the trial court's denial of his motion to dismiss the claims of appellees, Donald M. Holden and Mary Holden, for failure to comply with section 74.351 of the Civil Practice and Remedies Code requiring a plaintiff suing a doctor to file an expert report. In two issues, appellant contends that the trial court abused its discretion when it (1) denied his motion to dismiss; and (2) granted the Holdens a 90–day extension to amend or supplement the medi-

cal expert report completed by Dr. Robert Lamberg. We agree with appellant that the expert report the Holdens filed was not a report as to appellant because it neither mentioned him nor addressed his alleged acts of negligence. As a result, we (1) conclude that the trial court abused its discretion in denying appellant's motion to dismiss; (2) reverse the judgment of the trial court; (3) render judgment dismissing the Holdens' claims against appellant with prejudice; and (4) remand the case for a determination of reasonable attorney's fees and court costs.

**Factual and Procedural Background**

According to the parties' pleadings, on June 13, 2004, at approximately 7:00 p.m., Donald Holden ("Holden") suddenly lost vision in his left eye. He was rushed to the emergency room of Methodist Sugar Land Hospital ("the Hospital"), where he was examined by appellant at approximately 7:15 p.m. Appellant diagnosed Holden with a central retinal artery occlusion, and referred him to Dr. Matthew McMenemy ("McMenemy"), the ophthalmologist on call at the Hospital that night. However, McMenemy did not see Holden until 8:30 p.m., and at 10:30 p.m. prescribed him Retavase. Unfortunately, Holden permanently lost complete vision in his left eye.

On August 25, 2006, Holden and his wife, Mary Holden, ("the Holdens") filed suit against McMenemy, appellant, and the Hospital,[1] asserting causes of action for medical malpractice and negligence. On December 19, 2006, the Holdens timely served the parties with the medical expert report and curriculum vitae of Dr. Robert Lamberg ("Lamberg"). Lamberg's one and one-half page report contained the following facts and opinions:

I have read the documents forwarded to me in regard to the complaint of your client, Donald Holden, in regard to Dr. Mathew McMenemy and Methodist Sugar Land Hospital.

Mr. Holden says that at 6:45 p.m. on June 13, 2004, he suddenly lost the vision in his left eye and called the emergency room which told him to come to the hospital right away. He arrived at the hospital at 7:15 p.m. He was seen in the emergency room with light perception vision. A diagnosis of central retinal artery occlusion (CRAO) was made, and he was admitted to the hospital. He was seen in Dr. Menemy's office about 8:30 that evening, and a decision to try to lyse the occlusion with Retavase was made. About 10:30 p.m. the patient received the Retavase, but there was no improvement in the vision.

The following day in the hospital, the patient received a large number of tests to try to determine the etiology of the CRAO. The right carotid artery was relatively clean but the left carotid artery was 40–50% occluded. The sed rate and other tests were non-contributory. The patient was discharged on aspirin, Plavix, Lisinopril, and Zocor.

It was imperative from the outset to do first aid for central retinal artery occlusion. Some or all of the following could have been done by the emergency room staff and/or Dr. McMenemy: manually massage the eye to try and break up the clot, breathe into a paper bag to try to dilate the retinal artery with increased $CO_2$ in the blood, topical beta blocker drops and/or Diamox IV to lower the pressure in the eye, and/or a paracentesis of the eye to immediately lower the pressure in the eye.

The office notes from Dr. McMenemy only include a page that is dated 6/13/06.

---

1. McMenemy and the Hospital are not parties to this appeal.

This is very disturbing, as the incident occurred on 6/13/04 and no other notes were obtained from the office with a request for records. One must wonder if this note was altered or constructed at a later date. I only received one page of written notes. There is no mention of any treatment, impression or plan noted on this page.

There were no attempts made to resuscitate the stroke in the blind eye other tha[n] the Retavase. If the occlusion were a cholesterol plaque and not a clot, the Retavase would not be expected to work.

It is my opinion that the emergency room and Dr. McMenemy failed to provide the standard of care for the catastrophic central retinal artery occlusion that presented within 2 hour of the event. While the outcome of CRAO is variable, even when all the above steps are taken, there is still a significant percentage of eyes that recuperate some level of useful vision even 24 hours after an artery occlusion.

The Holdens did not serve upon the parties any further expert reports before the expiration of the 120–day deadline imposed by section 74.351(a) of the Civil Practice and Remedies Code.

Pursuant to section 74.351(a), appellant had until January 9, 2007, to file and serve any objections to the sufficiency of Lamberg's expert report. On January 11, 2007, appellant filed objections to that report, accompanied by a motion to dismiss. Appellant objected on the basis that Lamberg, an ophthalmologist, was not qualified to render an expert opinion regarding the standard of care expected of appellant, an emergency room physician. Appellant further objected that Lamberg's report failed to mention appellant by name, thereby failing to notify him of the specific conduct forming the basis of the Holdens' claims, and precluding the trial court from evaluating the merits of those claims. However, appellant subsequently withdrew those objections and the motion to dismiss on January 18, 2007.

On January 31, 2007, appellant filed a second motion to dismiss the Holdens' claims. In this motion to dismiss, appellant asserted that section 74.351 required the Holdens to file an expert report by December 23, 2006 addressing appellant's alleged negligence, and, if no report was filed, the Holdens' claims against appellant must be dismissed.[2] Appellant contended that Lamberg's expert report addressed solely the alleged negligence of the other defendants, and because no other expert report was served upon appellant by the expiration of the 120–day deadline, section 74.351(b) mandated dismissal of the claims against appellant with prejudice. Appellant also sought the recovery of reasonable attorney's fees and court costs. The trial court denied appellant's motion to dismiss. The court also granted appellant an additional 21 days to object to the sufficiency of Lamberg's expert report, and further granted the Holdens an additional 90 days to amend Lamberg's expert report and/or supplement his report with that of an emergency medicine physician. Appellant then appealed the denial of its motion to dismiss.

**2.** At the hearing on appellant's second motion to dismiss, appellant's counsel explained that appellant's objections and initial motion to dismiss were withdrawn because they were made untimely, and because it was her position that Lamberg's report did not trigger the 21–day deadline of section 74.351(a) for appellant to object. She stated that the objections were only filed "out of an abundance of caution," and that they were withdrawn, and the subsequent motion to dismiss was filed, because there was never any duty for appellant to object to the sufficiency of Lamberg's expert report.

**Issues on Appeal**

On appeal, appellant challenges the trial court's denial of his motion to dismiss and its grant of a 90–day extension to the Holdens to amend and/or supplement Lamberg's expert report. In two issues, appellant contends that the trial court abused its discretion when it (1) denied his motion to dismiss; and (2) granted the Holdens a 90–day extension to amend or supplement Lamberg's expert report. Because we find that the medical expert report of Dr. Lamberg does not implicate appellant's conduct, and thus does not constitute an expert report as to appellant, we hold that the trial court abused its discretion in denying appellant's motion to dismiss. We further find that, pursuant to section 74.351(b), appellant is entitled to the award of reasonable attorney's fees and court costs. We therefore reverse the judgment of the trial court, render judgment dismissing the Holdens' claims against appellant with prejudice, and remand the case for a determination of reasonable attorney's fees and court costs.

**A. Standard of Review**

When a trial court rules on a defendant physician's motion to dismiss a health care liability claim, we review the ruling for an abuse of discretion. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877–78 (Tex. 2001); *Rittmer v. Garza*, 65 S.W.3d 718, 721 (Tex.App.-Houston [14th Dist.] 2001, no pet.). An abuse of discretion occurs when the trial court acts in an unreasonable and arbitrary manner, or when it acts without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex.2003). A trial court will be deemed to have acted arbitrarily and unreasonably if the trial court could have reached only one decision, yet reached a different one. *Teixeira v. Hall*, 107 S.W.3d 805, 807 (Tex.App.-Texarkana

2003, no pet.). To that end, a trial court abuses its discretion when it fails to analyze or apply the law correctly. *In re Sw. Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2007) (citing *In re Kuntz*, 124 S.W.3d 179, 181 (Tex.2003)). To the extent resolution of the issue presented requires interpretation of the statute, we review the ruling under a de novo standard. *See Buck v. Blum*, 130 S.W.3d 285, 290 (Tex.App.-Houston [14th Dist.] 2004, no pet).

**B. The Expert Report Requirement of Section 74.351(a)**

Section 74.351(a) of the Civil Practice and Remedies Code requires a claimant in a health care liability claim to serve on each party or the party's attorney one or more expert reports, with the curriculum vitae of each expert listed in the report. TEX. CIV. PRAC. & REM.CODE § 74.351(a). The fault of each physician sued must be addressed in an expert report. *Id.* To be considered timely, the expert report must be served "not later than the 120th day after the date the original petition was filed." *Id.* Barring a written agreement between the parties extending the date for serving the report, failure to timely serve an expert report as to a particular defendant physician results in the trial court's dismissal of the claims against that defendant with prejudice, along with the award of reasonable attorney's fees and court costs to the defendant. *Id.* § 74.351(b). In fact, if the plaintiff does not timely serve an expert report as to a particular defendant, the trial court has no discretion to do anything other than dismiss the case with prejudice. *Estate of Regis ex rel. McWashington v. Harris County Hosp. Dist.*, 208 S.W.3d 64, 67–68 (Tex.App.-Houston [14th Dist.] 2006, no pet.) (citing *Valley Baptist Med. Ctr. v. Azua*, 198 S.W.3d 810, 815 (Tex.App.-Corpus Christi 2006, no pet.); *Herrera v. Se-*

ton Nw. Hosp., 212 S.W.3d 452, 455 (Tex. App.-Austin 2006, no pet.); Thoyakulathu v. Brennan, 192 S.W.3d 849, 852 (Tex. App.-Texarkana 2006, no pet.); Mokkala v. Mead, 178 S.W.3d 66, 76 (Tex.App.-Houston [14th Dist.] 2005, pet. granted)).

■ Under section 74.351(r)(6), an expert report is defined as a written report by an expert that provides a fair summary of the expert's opinions regarding (1) the applicable standard of care; (2) the manner in which the care provided failed to meet that standard; and (3) the causal relationship between that failure and the injury, harm, or damages claimed. TEX. CIV. PRAC. & REM.CODE § 74.351(r)(6); Patel v. Williams ex rel. Estate of Mitchell, 237 S.W.3d 901, 904 (Tex.App.-Houston [14th Dist.] 2007, no pet.). An expert report need not marshal all the plaintiff's proof, but it must include the expert's opinion on each of these statutorily-required elements. Palacios, 46 S.W.3d at 878. With this in mind, we now turn to our analysis of appellant's issues.

## C. Analysis of Appellant's Issues

We consider appellant's issues in the order he has presented them. In so doing, we find that resolution of appellant's first issue dictates the answer to his second.

### 1. The Trial Court Abused Its Discretion by Denying Appellant's Motion to Dismiss.

■ In his first issue, appellant contends that the trial court abused its discre-

tion in denying his motion to dismiss for the Holdens' failure to comply with section 74.351(a). Specifically, he asserts that Lamberg's expert report addresses solely the alleged negligence of McMenemy and the Hospital—not appellant—and that the Holdens otherwise failed to serve an expert report addressing any negligence attributable to him before the expiration of the 120-day deadline.[3] He argues that the Holdens' failure to comply with the requirements of section 74.351 requires dismissal of the Holdens' claims against him with prejudice, and the award of reasonable attorney's fees and court costs.

Conversely, the Holdens contend that any objection to Lamberg's expert report was waived because appellant (1) failed to timely file his original objections and motion to dismiss; and (2) subsequently withdrew those objections and his first motion to dismiss. The Holdens further contend that appellant was "clearly implicated" in Lamberg's expert report, and cite Bowie Memorial Hospital v. Wright, 79 S.W.3d 48, 53 (Tex.2002), for the proposition that an expert report under section 74.351 does not have to contain any "magical words," presumably like the defendant physician's name.[4] Although we agree that an expert report need not contain magical words, it must satisfy the requirements set forth in section 74.351. We disagree that this report satisfies the requirements of section 74.351.

---

3. Appellant further contends that Lamberg's expert report does not constitute a good-faith effort to comply with section 74.351(r)(6). As stated above, we agree with appellant that Lamberg's expert report is not a report as to appellant. Therefore, we need not reach the question of whether that report constitutes a good faith effort to comply with section 74.351(r)(6).

4. The Holdens also assert that Lamberg's expert report constitutes a good-faith effort to comply with the statutory requirements laid out in section 74.351, and that Lamberg was qualified under section 74.401 to render an expert opinion regarding whether appellant was negligent. As noted above, because we find that Lamberg's expert report does not implicate appellant's conduct, and thus is not a report as to appellant, we need not address these arguments.

The Holdens' argument—that appellant filed his objection too late-can succeed only if Lamberg's report is a good-faith expert report as to appellant. *See* Tex. Civ. Prac. & Rem.Code § 74.351(a) (providing that a defendant physician whose conduct is implicated in an expert report must object to the sufficiency of that report within twenty-one days of its service, or else all objections to that report are waived); *see also Jain v. Stafford,* No. 2–06–450–CV, 2007 WL 1502084, at *3 (Tex.App.-Fort Worth May 24, 2007, pet. denied) (mem.op). If the expert report does not address appellant, the section 74.351 time requirements do not apply, and appellant can object any time after the 120–day time period.

An examination of Lamberg's report reveals that the report is not an expert report as to appellant. *See Jain,* 2007 WL 1502084, at *3. First, Lamberg's expert report expressly states, "I have read the documents forwarded to me in regard to the complaint of your client, Donald Holden, *in regard to Dr. Mathew McMenemy and Methodist Sugar Land Hospital"* (emphasis added). His report continues, "It was imperative from the outset to do first aid for central artery occlusion. Some or all of the following could have been done *by the emergency room staff*

*and/or Dr. McMenemy ..."* (emphasis added). Finally, Lamberg concludes his report with the following, "It is my opinion that *the emergency room and Dr. McMenemy* failed to provide the standard of care for the catastrophic central retinal artery occlusion that presented within 2 hour of the event" (emphasis added). Lamberg's report offers no opinions concerning appellant's conduct. Instead, Lamberg focuses his attention solely on McMenemy, the Hospital, and the Hospital staff without explaining what people he means to include within the term "Hospital staff." [5]

As a result, Lamberg's report cannot be considered merely deficient as to appellant; it is, in fact, no report at all as to him. *See id.; Garcia v. Marichalar,* 198 S.W.3d 250, 255 (Tex.App.-San Antonio 2006, no pet.). Lamberg's report does not refer to appellant by name or position,[6] or explain how any of Lamberg's statements apply to him. *See Norris v. Tenet Houston Health Sys.,* No. 14–04–01029–CV, 2006 WL 1459958, at *4 (Tex.App.-Houston [14th Dist.] May 30, 2006, no pet.) (mem.op.). The report fails to discuss how the care rendered by *appellant* failed to meet the applicable standard of care, or

**5.** The Texas Supreme Court has held that "the only information relevant to whether a report represents a good-faith effort to comply with the statutory requirements is the report itself." *Bowie,* 79 S.W.3d at 53 (citing *Palacios,* 46 S.W.3d at 878). The Holdens would like us to examine Lamberg's report in light of attendant circumstances. But, even if we were to consider additional facts as the Holdens would have us do, we find that it is even clearer that Lamberg's expert report is not a report as to appellant. Notably, the Holdens have sued the Hospital both for its direct negligence and under a theory of respondeat superior. With respect to the latter, the Holdens sought to hold the Hospital liable "for the negligent acts and/or omissions committed by its agents, representatives, employees and/or servants, including but not limited to

Dr. Rivenes and the rest of the emergency room staff." Consistent with a theory of vicarious liability, an expert report addressing the negligence of Dr. Rivenes and the emergency room staff would be required under section 74.351. And, as appellant correctly notes, Lamberg's report fails to mention appellant by name, or even refer to an emergency medicine physician at all. Instead, Lamberg's report merely references "Methodist Sugar Land Hospital," "the emergency room staff," and "the emergency room."

**6.** Although Lamberg may have considered appellant part of the emergency room staff, we cannot tell that from the report. We also cannot tell from the report how many emergency room "staffers" there were.

how *appellant's* failure caused Holden to suffer injury, harm, or damages. *See Garcia*, 198 S.W.3d at 255. With these deficiencies, Lamberg's report cannot be construed to inform appellant (1) of the applicable standard of care; (2) how he performed negligently; or (3) how his specific negligence caused Mr. Holden's damages. *See id.*

Therefore, we hold that Lamberg's expert report does not implicate appellant's conduct, and thus is not a report as to appellant. Because the Holdens failed to otherwise serve an expert report addressing appellant's alleged negligence before the expiration of the 120–day deadline, the trial court abused its discretion in denying appellant's motion to dismiss. Furthermore, because the Holdens failed to timely serve an expert report as to appellant, we hold that, pursuant to section 74.351(b)(1), appellant is entitled to the award of reasonable attorney's fees and court costs. We sustain appellant's first issue.

**2. The Trial Court Abused Its Discretion in Granting the Holdens a 90–Day Extension to Amend or Supplement Lamberg's Expert Report.**

In his second issue, appellant contends that the trial court abused its discretion when it granted the Holdens a 90–day extension to amend Lamberg's expert report or supplement his report with one authored by an emergency medicine physician. The Holdens counter that the trial court did not abuse its discretion in this regard, as the trial court's grant of the 90–day extension reflected an attempt to balance the competing interests of the parties. The Holdens further contend that the parties agreed on the record to an extension of time, and this constituted a "written agreement of the affected parties" sufficient to extend the date for serving the expert report under section 74.351(a). Because of this alleged agreement, the

Holdens claim that appellant waived his objections on this issue. Again, we disagree.

The hearing was convened for the trial court to rule on appellant's motion to dismiss the Holdens' claims against him for failure to file an expert report. That was the first order of business before the court. Appellant argued that the Lamberg report was not a report as to him. The Holdens responded that it was, and also argued that the trial court could not consider the motion to dismiss because it was filed too late. After hearing arguments, the trial court denied the motion to dismiss. Only at that point—after denying the motion to dismiss—did the trial court broach the subject of giving both parties extra time to file objections and reports. Our review of the hearing leads us to conclude that appellant did not abandon the motion to dismiss—which had been ruled on already—and that appellant feebly acquiesced to the trial court's plan only because appellant's counsel believed she had no other choice.

■ If we review the hearing with these things in mind, then we conclude, as we already have held, that the trial court had before it an expert report that did not address appellant's negligence or his responsibility in causing Mr. Holden's injuries, and that did not set forth the standard of care as to appellant. It was, in short, no report as to appellant. *See Palacios*, 46 S.W.3d at 878–79. The trial court also had before it a motion to dismiss the report. At this point, the trial judge had no discretion other than to grant the motion to dismiss. *See Estate of Regis ex rel. McWashington*, 208 S.W.3d at 67–68; *Valley Baptist Med. Ctr.*, 198 S.W.3d at 815; *Herrera*, 212 S.W.3d at 455; *Thoyakulathu*, 192 S.W.3d at 852; *Mokkala*, 178 S.W.3d at 76. But, the trial court did not do this. Instead, it did what it had no discretion to do—denied the motion—and

considered other alternatives, including giving the Holdens an additional 90 days to amend or supplement Lamberg's report. This was an abuse of discretion. We therefore sustain appellant's second issue.

## On Rehearing

■ On rehearing the Holdens argue strenuously that we have no jurisdiction to entertain this appeal. They claim that appellant could not appeal the trial court's denial of their motion to dismiss when it was accompanied by a grant of an extension of time for the Holdens to file their expert report. In support of their position, the Holdens rely on sections 74.351(c) and 51.014(a)(9) of the Texas Civil Practice and Remedies Code. As we explain below, those sections do not support the Holdens' position.

Section 74.351(c) allows a trial court to grant an extension of time to file the expert report if a report has been filed for a doctor but the report is deficient. *See* TEX. CIV. PRAC. & REM.CODE §§ 74.351(c). The exact language used in section 74.351(c) is "[i]f an expert report has not been served within [120 days] because elements of the report are found deficient, the court may grant one 30–day extension...." *Id.*

Section 51.014(a)(9) provides for an interlocutory appeal when a trial court denies a motion to dismiss when no report is filed, but the section also admonishes that no appeal can be taken from an order granting an extension "under Section 74.351." *Id.* § 51.014(a)(9).

First, section 74.351(c) does not apply to this appeal because we have held that the Holdens did not file a report as to appellant. The report the Holdens filed addressed Dr. McMenemy and the Hospital, but did not address appellant. When no report is filed as to a particular doctor, section 74.351(b) applies. *See id.* §§ 74.351(b); *Lewis v. Funderburk,* 253 S.W.3d 204, 207 (Tex.2008). The phrase "[i]f an expert report has not been served within [120 days] because elements of the report are found deficient" refers to a report that specifically mentions and addresses one or more defendant doctors in a case but is deficient. *See Lewis,* 253 S.W.3d at 207. The phrase does not cover a situation in which no report has been filed that addresses the alleged negligence of a particular doctor.

Thus, in this appeal, section 74.351(c) would apply to Dr. McMenemy, the doctor named and addressed in the Holdens' expert report, and potentially the Hospital—if that report was deficient—but section 74.351(b) applies to appellant because the expert report filed in this case does not mention or address appellant and his alleged negligence.[7]

The Supreme Court has said as much in its recent opinion, *Lewis v. Funderburk. See id.* at 205–07. In describing the subparts of section 74.351, the Supreme Court said this about section 74.351(b): "subpart (b) *requir[es]* trial courts to dismiss a claim with prejudice and award fees if 'an expert report has not been served' by the statutory deadline." *Id.* at 207 (quoting Tex. Civ. Prac. & Rem.Code §§ 74.351(b)) (emphasis added). With regard to subpart (c), the Court said this: "subpart (c) allow[s] a 30–day extension of the deadline if a report is found inadequate." *Id.* Consequently, section 74.351(b) *requires* a judge

7. We addressed the adequacy of the Holdens' amended expert report as to Dr. McMenemy in *McMenemy v. Holden,* No. 14–07–00365–CV, 2007 WL 4842452, at *1 (Tex.App.-Houston [14th Dist.] Nov. 1, 2007, pet. filed) (mem. op.). As noted above, neither McMenemy nor the Hospital are parties to this appeal, and we express no opinion as to the adequacy of the Holdens' expert report as to the Hospital.

to enter an order dismissing a defendant doctor if no report is filed, while subpart (c) *authorizes* a trial court to grant an extension of time if a served report is deficient.

Second, section 51.014(a)(9) does not change this scheme laid out in section 74.351(b) and (c). In fact, the language in subpart (a)(9) providing for an appeal refers specifically to a denial of a motion to dismiss under section 74.351(b), when no report is filed as to a doctor. *See* TEX. CIV. PRAC. & REM.CODE §§ 51.014(a)(9). It says, "A person may appeal from an interlocutory order of a district court ... that ... (9) denies all or part of the relief sought by a motion under Section 74.351(b)...." *Id.*

The last two lines of subpart (a)(9) merely clarify that an appeal may not be taken from an order granting an extension under section 74.351. *See id.* These lines state the following: "except that an appeal may not be taken from an order granting an extension under Section 74.351." *Id.* As we have stated already, only subpart (c) of section 74.351 allows for an extension of time; no other subpart of section 74.351 provides for an extension. Consequently, these two lines, rather than creating a new right—namely the right to obtain an extension under subpart (b)—merely clarify that the right of appeal does not apply to any subpart of section 74.351 that authorizes an extension. And the only subpart of section 74.351 that statement applies to is subpart (c).

### Conclusion

For the foregoing reasons, we conclude that the trial court abused its discretion in denying appellant's motion to dismiss because no report was filed as to appellant. We therefore reverse the judgment of the trial court and render judgment dismissing the Holdens' claims against appellant with prejudice. Because appellant is entitled to

the award of reasonable attorney's fees and court costs, and the trial court did not consider the award of either reasonable attorney's fees or court costs, we must remand the case for a determination of both.