

## NUMBER 13-06-053-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**MIGUEL HERNANDEZ, M.D.,**                                        **Appellant,**

**v.**

**JULIOUS EBROM,**                                                 **Appellee.**

### On appeal from the 389th District Court of Hidalgo County, Texas.

## MEMORANDUM OPINION ON REMAND

### Before Chief Justice Valdez and Justices Yañez and Vela
### Memorandum Opinion On Remand by Justice Vela

This is an appeal from the denial of a motion to dismiss filed by appellant, Miguel Hernandez, M.D., appellant, in a medical malpractice action brought by appellee, Julious Ebrom. On appeal, Dr. Hernandez asserts that the trial court abused its discretion in denying his motion because Ebrom's expert report failed to comply with the requirements

of section 74.351 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2009). We reverse and remand.

## I. BACKGROUND

Ebrom filed suit against two defendants, Dr. Hernandez and McAllen Bone & Joint Clinic, alleging medical malpractice. He claimed that on August 2, 2002, Dr. Hernandez performed arthroscopy with a partial medial menisectomy and valgus proximal tibial osteotomy with bone allograft to his right knee, which included a plate with two cancellous screws and two cortical screws. On Ebrom's February 2, 2003 follow-up visit to Dr. Hernandez, the doctor noted that the osteotomy was not working out, and that Ebrom would need additional surgery. Ebrom sought corrective surgery from another physician and later filed suit against the two defendants. Ebrom urged that the defendants were negligent in failing to provide: (1) appropriate pre-operative planning; (2) intra-operative assessment; (3) exacting operative techniques; and (4) appropriate post-operative care.

Ebrom provided a letter submitted by Uwe Pontius, M.D., Ph.D., as his expert report. The report was originally attached to Ebrom's responses to requests for disclosure. Dr. Hernandez filed a motion to dismiss, alleging that Ebrom failed to timely file a proper expert report. On January 19, 2005, Ebrom notified the defendants that he intended to rely upon the letter that was filed in response to the requests for disclosure as his required statutory expert report.

McAllen Bone & Joint Clinic and Dr. Hernandez later filed an amended motion to dismiss, stating that the expert report did not identify either defendant by name and was conclusory with respect to causation. The trial court granted the Clinic's motion, but denied Dr. Hernandez's motion to dismiss. Thereafter, the trial court entered an agreed order of

2

nonsuit as to Dr. Hernandez who then filed a notice of appeal. This Court issued a memorandum opinion dismissing the appeal as moot. The supreme court reversed this Court's opinion and remanded the case to this Court for a determination on the merits.[1] Even though Ebrom has nonsuited his claims against Dr. Hernandez, we are required to reach the merits of Dr. Hernandez's motion to dismiss because Dr. Hernandez has sought attorney's fees pursuant to section 74.351(b)(1), which he is only entitled to if Ebrom's report did not comply with the statutory requirements. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(1) (Vernon Supp. 2009).

## II. STANDARD OF REVIEW AND APPLICABLE LAW

The standard of review of a trial court's order either dismissing or refusing to dismiss a medical malpractice claim for failure to comply with the expert report provisions is abuse of discretion. *Walker v. Gutierrez,* 111 S.W.3d 56, 62 (Tex. 2003); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 877 (Tex. 2001). An abuse of discretion occurs when a trial court acts arbitrarily or unreasonably and "without reference to any guiding rules or principles." *Walker,* 111 S.W.3d at 62. A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Baylor Univ. Med. Ctr. v. Biggs*, 237 S.W.3d 909, 916 (Tex. App.–Dallas 2007, pet. denied).

In our review of an expert report, we are limited to the report's contents, contained within the four corners of the report, in determining whether the report manifests a good faith effort to comply with the statutory definition of an expert report. *Palacios,* 46 S.W.3d at 878; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(*l*) (requiring that the trial court

---

[1]*Hernandez v. Ebrom*, 289 S.W.3d 316 (Tex. 2008).

"grant a motion challenging the adequacy of the expert report only if appears to the court, after hearing, that the report does not represent an objective good faith effort to comply" with the statutory definition). The report "need not marshal all the plaintiff's proof." *Palacios,* 46 S.W.3d at 878. If the expert report puts the defendant on notice of the specific conduct complained of and provides the trial court a basis on which to conclude that the claims have merit, the report represents a good-faith effort to comply with the statute.

An expert report is a written report by an expert that provides a fair summary of the expert's opinions regarding applicable standards of care, the manner in which the care rendered failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6). The expert report must present the causal relationship between the health care provider's failure and the injury, harm, or damages claimed. *Id*. Causation is established when "the negligent act or omission is shown to be a substantial factor in bringing about the harm and without which the harm would not have occurred." *Kramer v. Lewisville Mem'l Hosp.,* 858 S.W.2d 397, 400 (Tex. 1993).

What is relevant for purposes of the expert report is that the report specifically identify the person whose conduct the plaintiff is calling into question and show how that person's conduct constituted negligence. *Univ. of Tex. Sw. Med. Ctr. v. Dale,* 188 S.W.3d 877, 879 (Tex. App.–Dallas 2006, no pet.). When a defendant is not identified in some manner within the four corners of the report, the report is deficient as to that defendant. *Rivenes v. Holden*, 257 S.W.3d 332, 338 (Tex. App.–Houston [14th Dist.] 2008, pet.

denied). When a plaintiff sues more than one defendant, the expert report must set forth the standard of care for each defendant and explain the causal relationship between each defendant's individual acts and the injury, i.e., "[c]ollective assertions of negligence against various defendants are inadequate." *Taylor v. Christus Spohn Health Sys. Corp.*, 169 S.W.3d 241, 244 (Tex. App.–Corpus Christi 2004, no pet.); *see CHCA Mainland L.P. v. Burkhalter,* 227 S.W.3d 221, 227 (Tex. App.–Houston [1st Dist.] 2007, no pet.).

An opinion based upon one assumption or conclusion built upon another is also not sufficient. *Hagedorn v. Tisdale,* 73 S.W.3d 341, 351 (Tex. App.–Amarillo 2002, no pet.). A report should explain how the defendant's action or inaction caused injury. *Bowie Mem'l Hosp. v. Wright,* 79 S.W.3d 48, 53 (Tex. 2002). A conclusory report does not meet the statutory test because it does not satisfy *Palacios. Id.* A court may not fill in gaps in a report by drawing inferences or guessing what the expert meant or intended. *Austin Heart, P.A. v. Webb,* 228 S.W.3d 276, 279 (Tex. App.–Austin 2007, no pet.). Furthermore, causation may not be inferred. *Castillo v. August,* 248 S.W.3d 874, 883 (Tex. App.–El Paso 2008, no pet.).

### III. ANALYSIS

### A. Waiver Issue

Ebrom argues for the first time in this appeal on remand that Dr. Hernandez waived his objections to any alleged deficiencies in the expert report because he filed his expert report on November 23, 2004, and defendants did not file their motion to dismiss until January 12, 2005, a date more than twenty-one days after service of the expert report.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.341(a).[2] It is undisputed that Dr. Hernandez did not file objections within twenty-one days of receiving the letter Ebrom claimed as his expert report. However, Dr. Hernandez has consistently argued, from the original dismissal hearing, until now that he never received a document that was designated an expert report under chapter 74. Counsel for Dr. Hernandez stated that Ebrom designated a trial expert and subsequently indicated that it was the trial expert's report was filed pursuant to section 74.351. Ebrom argued that Dr. Pontius's letter was his statutory report.

Counsel for Ebrom did not argue or object previously that Dr. Hernandez waived any deficiencies to the report or its contents by not objecting to Dr. Pontius's letter report within twenty-one days. In essence, Ebrom has waited five years to raise his complaint that Dr. Hernandez waived his objections to the deficiencies in the expert report pursuant to section 74.351(a). We do not decide, here, whether Dr. Hernandez should have objected within twenty-one days because Ebroms's objection comes too late. Ebrom also suggests that the trial court might have denied Dr. Hernandez's motion to dismiss because it took into consideration Dr. Hernandez's failure to comply with the twenty-one day deadline for filing objections. However, it is highly unlikely that the trial court denied Dr. Hernandez's motion to dismiss for that reason because it granted McAllen Bone & Joint Clinic's motion to dismiss. It would be inconsistent for the trial court to grant McAllen Bone & Joint Clinic's motion to dismiss and deny Dr. Hernandez's motion for failure to object to the twenty-one day deadline.

---

[2]"Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).

Dr. Hernandez was not required to object within twenty-one days if no report had been filed. He has continuously taken that position since the hearing on the motion to dismiss on July 5, 2005. Because Ebrom did not object to Dr. Hernandez's untimely objections in the trial court at the time the court ruled on the sufficiency of the reports, and because Ebrom did not argue waiver in the first appeal or the appeal to the supreme court, we will not consider it now. The objection comes too late and is waived. *See Hansen v. Starr*, 123 S.W.3d 13,18 (Tex. App.–Dallas 2003, pet. denied) (stating that in reviewing a trial court's judgment, the appellate court can only consider what was before the trial court at the time; waiver was not asserted in plaintiff's response to the motion to dismiss); *see also San Jacinto Methodist Hosp. v. Carr*, No. 01-07-00655, 2008 WL 2186473, at *3 (Tex. App.–Houston [1st Dist.] May 22, 2008, no pet.) (mem. op.) (same).

## B. ADEQUACY OF THE REPORT

Dr. Hernandez urges that the report does not sufficiently identify him because he is not named in the report. Ebrom argues that Dr. Hernandez is the only physician named in his pleadings, so, presumably all criticisms are about him, and it is unnecessary to name him. He urges us to look outside the four corners of the report to determine its adequacy. The entire report consists of two short paragraphs, as follows:

> I am a board certified orthopaedic surgeon practicing in San Antonio, Texas. I have previously performed and continue to perform valgus opening wedge osteotomy of the tibia using Arthrex opening wedge ostcotomy system.
>
> I have reviewed the records from the above case. The standard of care in the treatment of medial knee arthritis with the Arthrex opening wedge osteotomy system is to use a trocortical pelvic bone graft to provide sufficient strength and stability to allow bone healing in the open wedge position. In review of this case the use of an insufficient bone graft called the Cloward Plug, which is weaker bicortical iliac crest bone graft rather than the

applicable standard which is tricortical iliac crest bone graft, has breached the standard of care. The patient's morbid obesity combined with an insufficient bone graft in reasonable medical opinion is the cause of his injury. The injury is collapse of the tibia osteotomy site and thus failure to heal in the corrected position.

A plaintiff's allegation that a physician is negligent is not a substitute for the requirement that an expert report be supplied demonstrating that the expert is of the same opinion. Here, there were two defendants named in Ebrom's pleadings—Dr. Hernandez and McAllen Bone & Joint Clinic. If a plaintiff sues more than one defendant, the expert report must set forth the standard of care for each defendant and explain the causal relationship between each defendant's individual acts and the injury. *Taylor*, 169 S.W.3d at 244. Here, the report did not name either defendant. It does not state who performed the surgery. It never states what Dr. Hernandez did or failed to do that caused Ebrom's injuries. While the case name is mentioned in the report,[3] the report never mentions either defendant in the body of the report and is, therefore, insufficient. *Baylor Univ. Med. Ctr. v. Biggs*, 237 S.W.3d at 919 (determining that the trial court abused its discretion in denying hospital's motion to dismiss because expert reports did not refer to hospital by name in their reports other than to say they reviewed hospital records); *Gray v. CHCA Bayshore L.P.*, 189 S.W.3d 855, 859 (Tex. App.–Houston [1st Dist.] 2006, no pet.) (stating that expert report must provide specific information about what each defendant would have done differently); *Garcia v. Marichalar*, 198 S.W.3d 250, 254 (Tex. App.–San Antonio 2006, no pet.) (noting that although plaintiff's allegations focus on a single incident, the statute nevertheless requires that an expert report "explain how the care rendered *by the*

---

[3]The report states "RE Cause No. C-1292-04-H, Julious Ebrom v. Miguel Hernandez, et al; pending in the 389th Judicial District Court, Hidalgo County, Texas".

8

*physician* failed to meet the applicable standard of care and the causal relationship between the failure and the injury suffered by the claimant").

Dr. Hernandez also urges that the report was inadequate because it is insufficient with respect to causation. While the report states the bone graft used was insufficient, it does not state that it was Dr. Hernandez who made the decision to use a bicortical, rather than tricortical, bone graft. A report must provide "specific information about what the defendant should have done differently." *Palacios*, 46 S.W.3d at 880. The report does not state why a bicortical graft is improper or why its use is below the standard of care. The purpose of the expert report requirement is to inform the defendant health care provider of the specific conduct called into question and provide a basis for the trial court to conclude that the plaintiff's claims have merit. The report merely suggests that the wrong graft was used. It does not say why or give any specifics regarding how the bone graft that was used caused the damages. Although a plaintiff need not marshal all of its evidence through the preliminary statutory reports, more is required than was set forth in Dr. Pontious's conclusory report in this case. Because the report did not name Dr. Hernandez and was conclusory with respect to causation, the trial court should have granted Dr. Hernandez's motion for dismiss. We sustain appellant's issue.

## IV. REMAND TO CURE DEFECTS

Ebrom urges in his brief that this Court should remand the case to the trial court for further consideration to cure the defects in the report because we have determined that his report was deficient. This case was appealed to this Court after the parties had agreed to nonsuit Ebrom's claims against Dr. Hernandez. Ordinarily, when a court of appeals rules a report deficient, one thirty-day extension to cure the report may be granted by the trial

9

court upon remand. *Leland v. Brandal*, 257 S.W.3d 204, 206-07 (Tex. 2006); *Fulp v. Miller*, 286 S.W.3d 501, 509 (Tex. App.–Corpus Christi 2009, no pet.) (op. on rehearing). In *Fulp*, this Court held that because the plaintiff had nonsuited his claims against the physician, the plaintiff was no longer a party and it would be impossible for him to cure the deficient report. *Fulp*, 286 S.W.3d at 509. However, the filing of a nonsuit does not extinguish a defendant's motion for sanctions. *Villafani v. Trejo*, 252 S.W.3d 466, 470 (Tex. 2008); *Fulp*, 268 S.W.3d at 509. In his motion to dismiss, Dr. Hernandez requested dismissal of Ebrom's lawsuit and costs and attorney's fees. *Fulp*, 286 S.W.3d at 510. Therefore, we remand to the trial court to dismiss Ebrom's claims with prejudice and to determine reasonable attorney's fees.

## V. Conclusion

We reverse the order of the trial court denying Dr. Hernandez's motion to dismiss and remand to the trial court to dismiss Ebrom's case against Dr. Hernandez with prejudice and to assess reasonable attorney's fees.

Rose Vela
Justice

Delivered and filed the 6th
day of May, 2010.

10