

# NUMBER 13-10-00468-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JORGE DE LA GARZA, M.D.,                                    Appellant,

v.

GARY E. SCHRUZ,                                             Appellee.

## On appeal from the 275th District Court
## of Hidalgo County, Texas.

# DISSENTING MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Vela
### Dissenting Memorandum Opinion by Justice Vela

This case was brought against Dr. Jorge De La Garza by Gary E. Schruz alleging

malpractice in connection with the development and subsequent treatment for a decubitus ulcer following heart surgery. The letter from Dr. Brooks that Schruz submitted as an expert report initially indicated that Dr. De La Garza failed to address the issue of the "stasis ulcer in a timely manner, such that further breakdown resulted in a surgical debridement and additional care to the ulcer site." In an addendum, dated the same day, Dr. Brooks reversed his opinion and determined that "it would appear that the physician component of the care was in all probability not unreasonable." This change of opinion was based on additional reports that Dr. Brooks reviewed. He concluded that "[f]rom the physician perspective, it would thus appear at this point in time that the sequence of events and apparent treatment does not appear to be unreasonable or outside of the standard of care of the community in which the patient was treated." Thus, at the end of the relevant statutory period for serving expert reports, Dr. De La Garza had been given a document that not only failed to implicate him personally, but actually absolved him of negligence.

The majority holds that because the supreme court has not recognized that a timely served report may be, in effect, "no report," it had no choice but to conclude that this case involves a deficient report rather than an absent one. I would hold, however, that a report that does not, in any way, negatively implicate the conduct of a health care provider, and goes a step further to absolve the health care provider of negligence, is not deficient; it is "no report." Under the circumstances presented, I do not believe the trial court had any choice but to enter an order of dismissal.

2

Expert report is defined by statute as a written report by an expert that provides a fair summary of the expert's opinions, as of the date of the report, regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(r)(6); *Jelinek v. Casas*, 328 S.W.3d 526, 540 (Tex.2010). Although the document delineated as an expert report here affirmatively stated that the healthcare provider did not breach the standard of care, the majority opines that it is a deficient report because it was timely served and because the report does contain some of the elements prescribed by section 74.351. Arguably, the report sets forth the standard of care applicable to a health care provider such as Dr. De La Garza. But, the report goes further to opine that the doctor did not do anything improper.

It is well established that if a plaintiff serves no report within 120 days of filing suit, the trial court has no discretion but to dismiss the plaintiff's claim upon motion filed by the health care provider, and has no discretion to grant a motion for extension of time. *See, e.g., Badiga v. Lopez*, 274 S.W.3d 681, 683-84 (Tex. 2009); *Rivenes v. Holden*, 257 S.W.3d 332, 336-39 (Tex. App.–Houston [14th Dist.] 2008, pet. denied); *Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452, 460 (Tex. App.–Austin 2006, no pet.); *Valley Baptist Med. Ctr. v. Azua*, 198 S.W.3d 810, 815-16 (Tex. App.–Corpus Christi 2006, no pet.). Section 74.351 specifically states that "if an expert report has not been served within the period specified by subsection (a) because elements are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency." TEX. CIV. PRAC. &

3

REM. CODE ANN. § 74.351(c) (West 2011).

A plaintiff may fail to serve an expert report within the time specified by the statute by failing to provide a report within the deadline that satisfies the statutory requirements for expert reports. *See Ogletree v. Matthews*, 262 S.W.3d 316, 320 (Tex. 2007). Some courts of appeals have treated documents, served within the statutory dealdine, so deficient and lacking in content with respect to the required elements that they constitute no report. *See Bogar v. Esparza*, 257 S.W.3d 354, 364-69 (Tex. App.–Austin 2008, no pet.) (finding a report so deficient that it constituted no report, for which dismissal was required, and an extension was not available); *Rivenes*, 257 S.W.3d at 336-39 (holding that the report offered no opinion as to the conduct of the defendant physician); *Apodaca v. Russo*, 228 S.W.3d 252, 255-58 (Tex. App.–Austin 2007, no pet.) (discussing that if a report fails to address the defendant physician, it is no report as to that physician); *Garcia v. Marichalar*, 198 S.W.3d 250, 252-53 (Tex. App.–San Antonio 2006, no pet.) (same).

Here, Dr. Brooks report did not implicate the conduct of Dr. De La Garza, except to opine that he did nothing wrong. Rather, it absolved him of negligence with respect to his treatment of Mr. Schruz. While trial courts should liberally allow extensions when a timely report implicates a health care provider's conduct, to allow an extension when the report actually absolves the defendant of any wrongdoing is not in accordance with the purposes of the statute, one of which is to weed out frivolous claims. *Wickware v. Sullivan*, 70 S.W.3d 214, 219 (Tex. App.–San Antonio 2001, no pet.). Certainly, if a report that fails to implicate the conduct of a physician is no report as to that physician, then a report that absolves a physician of negligent conduct is also "no report." I would

4

hold that the trial court abused its discretion in not dismissing the case against Dr. De La Garza.

                                        ROSE VELA
                                        Justice

Delivered and filed the
2nd day of June, 2011.

5