NUMBER 13-10-00468-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

JORGE DE LA GARZA, M.D.,
                                                Appellant,

 

v.

 

GARY E. SCHRUZ,                                                
              Appellee.

                                                                                                                     
  

 

On appeal from the 275th
District Court 

of Hidalgo County,
Texas.

                                                                                                                     


 

DISSENTING MEMORANDUM
OPINION

 

Before Justices
Garza, Benavides, and Vela 

Dissenting Memorandum
Opinion by Justice Vela

 

This case was brought against Dr. Jorge De
La Garza by Gary E. Schruz alleging malpractice in connection with the
development and subsequent treatment for a decubitus ulcer following heart
surgery.  The letter from Dr. Brooks that Schruz submitted as an expert report
initially indicated that Dr. De La Garza failed to address the issue of the
“stasis ulcer in a timely manner, such that further breakdown resulted in a
surgical debridement and additional care to the ulcer site.”  In an addendum,
dated the same day, Dr. Brooks reversed his opinion and determined that “it
would appear that the physician component of the care was in all probability
not unreasonable.”  This change of opinion was based on additional reports that
Dr. Brooks reviewed.  He concluded that “[f]rom the physician perspective, it
would thus appear at this point in time that the sequence of events and
apparent treatment does not appear to be unreasonable or outside of the
standard of care of the community in which the patient was treated.”  Thus, at
the end of the relevant statutory period for serving expert reports, Dr. De La
Garza had been given a document that not only failed to implicate him
personally, but actually absolved him of negligence.  

The majority holds that because the
supreme court has not recognized that a timely served report may be, in effect,
“no report,” it had no choice but to conclude that this case involves a
deficient report rather than an absent one.  I would hold, however, that a
report that does not, in any way, negatively implicate the conduct of a health
care provider, and goes a step further to absolve the health care provider of
negligence, is not deficient; it is “no report.” Under the circumstances
presented, I do not believe the trial court had any choice but to enter an
order of dismissal.  

 

Expert report is defined by statute as a
written report by an expert that provides a fair summary of the expert's
opinions, as of the date of the report, regarding applicable standards of care,
the manner in which the care rendered by the physician or health care provider
failed to meet the standards, and the causal relationship between that failure
and the injury, harm, or damages claimed.” Tex.
Civ. Prac. & Rem.Code Ann. § 74.351(r)(6); Jelinek v. Casas,
328 S.W.3d 526, 540 (Tex.2010). Although the document delineated as an expert
report here affirmatively stated that the healthcare provider did not breach
the standard of care, the majority opines that it is a deficient report because
it was timely served and because the report does contain some of the elements
prescribed by section 74.351. Arguably, the report sets forth the standard of
care applicable to a health care provider such as Dr. De La Garza.  But, the
report goes further to opine that the doctor did not do anything improper. 

It is well established that if a
plaintiff serves no report within 120 days of filing suit, the trial court has
no discretion but to dismiss the plaintiff’s claim upon motion filed by the
health care provider, and has no discretion to grant a motion for extension of
time.  See, e.g., Badiga v. Lopez, 274 S.W.3d 681, 683-84 (Tex. 2009); Rivenes
v. Holden, 257 S.W.3d 332, 336-39 (Tex. App.–Houston [14th Dist.] 2008,
pet. denied); Herrera v. Seton Nw. Hosp., 212 S.W.3d 452, 460 (Tex.
App.–Austin 2006, no pet.); Valley Baptist Med. Ctr. v. Azua, 198
S.W.3d 810, 815-16 (Tex. App.–Corpus Christi 2006, no pet.).  Section 74.351
specifically states that “if an expert report has not been served within the
period specified by subsection (a) because elements are found deficient, the
court may grant one 30-day extension to the claimant in order to cure the
deficiency.”  Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(c) (West 2011).

A plaintiff may fail to serve an expert
report within the time specified by the statute by failing to provide a report
within the deadline that satisfies the statutory requirements for expert
reports.  See Ogletree v. Matthews, 262 S.W.3d 316, 320 (Tex. 2007). 
Some courts of appeals have treated documents, served within the statutory
dealdine, so deficient and lacking in content with respect to the required
elements that they constitute no report.  See Bogar v. Esparza, 257
S.W.3d 354, 364-69 (Tex. App.–Austin 2008, no pet.) (finding a report so
deficient that it constituted no report, for which dismissal was required, and
an extension was not available); Rivenes, 257 S.W.3d at 336-39 (holding
that the report offered no opinion as to the conduct of the defendant
physician); Apodaca v. Russo, 228 S.W.3d 252, 255-58 (Tex. App.–Austin
2007, no pet.) (discussing that if a report fails to address the defendant
physician, it is no report as to that physician); Garcia v. Marichalar,
198 S.W.3d 250, 252-53 (Tex. App.–San Antonio 2006, no pet.) (same).

Here, Dr. Brooks report did not
implicate the conduct of Dr. De La Garza, except to opine that he did nothing
wrong.  Rather, it absolved him of negligence with respect to his treatment of
Mr. Schruz.  While trial courts should liberally allow extensions when a timely
report implicates a health care provider’s conduct, to allow an extension when
the report actually absolves the defendant of any wrongdoing is not in
accordance with the purposes of the statute, one of which is to weed out
frivolous claims.  Wickware v. Sullivan, 70 S.W.3d 214, 219 (Tex.
App.–San Antonio 2001, no pet.).  Certainly, if a report that fails to implicate
the conduct of a physician is no report as to that physician, then a report
that absolves a physician of negligent conduct is also “no report.”  I would
hold that the trial court abused its discretion in not dismissing the case
against Dr. De La Garza.  

 

 

                                                                        ROSE
VELA

                                                                                    Justice

 

Delivered and filed
the 

2nd day of June, 2011.