

# IN THE
## TENTH COURT OF APPEALS

_____

## No. 10-10-00402-CV

_____

LILLIE PERRY,

                                                     **Appellant**

 v.

RICK BRADLEY AND
BROOKSHIRE GROCERY COMPANY,

                                                     **Appellees**


_____


### From the 66th District Court
### Hill County, Texas
### Trial Court No. 47924

---

## MEMORANDUM  OPINION

---

Lillie Perry appeals the trial court's orders dismissing her health-care liability claim against Rick Bradley, a pharmacist, and Brookshire Grocery Company, Bradley's employer, which Perry sued under *respondeat superior*.

Perry sued Bradley and Brookshire for negligently misfilling her prescription. She timely served two expert reports.  One report was by Michael A. Horseman, a pharmacist, and it purports to address the standard of care and breach elements.  The other report, of Charles Chitwood, M.D., addresses causation.  Bradley and Brookshire

jointly filed objections to Perry's expert reports and a motion to dismiss. The trial court sustained all of Bradley and Brookshire's objections and dismissed Perry's claims against Bradley in an order signed on August 2, 2010. As to Brookshire, the trial court entered a separate August 2 order sustaining Brookshire's objections yet granting Perry a thirty-day period in which to serve amended expert reports. Perry chose not to do so, and the trial court then granted Brookshire's motion to dismiss and dismissed Perry's claims against Brookshire in an order signed on September 28.

## No Interlocutory Appeal?

We assume without deciding that Perry's notice of appeal of the September 28 order includes an appeal of the August 2 interlocutory order dismissing Perry's claim against Bradley. But we initially question whether an interlocutory appeal lies from an interlocutory order *granting* a motion to dismiss, and if so, does Perry's failure to timely appeal that interlocutory order preclude her from appealing it after a final judgment.

The trial court's order as to Bradley granted the motion to dismiss, but the dismissal order as to Bradley was interlocutory because Perry's claim against Brookshire remained pending. Perry did not appeal the August 2 order within twenty days. *See* TEX. R. APP. P. 26.1(b).

An interlocutory appeal is permitted from an order denying a motion to dismiss under subsection 74.351(b) and from an order granting relief sought by a motion under subsection 74.351(*l*), but no appeal may be taken from an order granting an extension under subsection 74.351(c)). TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9, 10) (West 2008); *see id.* § 74.351(b, c, *l*) (West 2011). Section 51.014 does not explicitly provide for

an interlocutory appeal of an interlocutory order *granting* a motion to dismiss under subsection 74.351(b). Case law on appellate jurisdiction of interlocutory appeals of expert-report rulings also supports this determination that Perry could not have brought an interlocutory appeal of the trial court's interlocutory order granting Bradley's motion to dismiss.

We first examine the nature of the trial court's ruling on the report as to Bradley. One of Bradley's objections to Horseman's expert report was that it does not mention Bradley at all, and on appeal he asserts that Perry's claim against Bradley was properly dismissed because Horseman's report was "no report" as to Bradley. *See Garcia v. Marichalar*, 198 S.W.3d 250 (Tex. App.—San Antonio 2006, no pet.). We agree that Horseman's report was "no report" as to Bradley. The report's failure to mention Bradley explains why the trial court granted the motion to dismiss as to Bradley (under subsection 74.351(b)), yet granted an extension to serve amended reports as to Brookshire (under subsection 74.351(c)) along with sustaining Brookshire's objections (granting relief under subsection 74.351(*l*) and thus finding the report to be deficient as to Brookshire).

Plainly, had the trial court found the report to be a deficient report as to Bradley and granted relief under subsection 74.351(*l*), Perry could have brought an interlocutory appeal of that order under subsection 51.014(a)(10), which provides for the interlocutory appeal of an order granting relief sought by a motion under subsection 74.351(*l*). If a report is "no report" as to a defendant—rather than a deficient report— appellate jurisdiction under subsection 51.014(a)(9) lies from a trial court's denial of the

defendant's motion to dismiss under subsection 74.351(b). *See Thomas v. Torrez*, ___ S.W.3d ___, ___, 2011 WL 1196056, at *3-4, 7-9 (Tex. App.—Houston [14th Dist.] Mar. 31, 2011, pet. abated); *Rivenes v. Holden*, 257 S.W.3d 332, 340-41 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). In this situation, the defendant is bringing the interlocutory appeal and the jurisdictional question hinges on whether the report was "no report" and thus required dismissal under subsection 74.351(b). As a matter of consistency, it must also be the case that if a report is "no report," rather than a deficient report, as to a defendant, appellate jurisdiction would not lie for a claimant's appeal of a trial court's interlocutory order granting a defendant's motion to dismiss (as opposed to a claimant's appeal of an interlocutory order granting relief to a defendant sought by a motion under subsection 74.351(*l*) because of a deficient report).

Accordingly, an interlocutory appeal does not lie from an interlocutory order *granting* a motion to dismiss under subsection 74.351(b) when the plaintiff has served "no report" as to a defendant. Because Perry could not have brought an interlocutory appeal of the August 2 dismissal order as to Bradley, she is not precluded from appealing that dismissal order. And even if Perry could have brought an interlocutory appeal of the August 2 dismissal order as to Bradley, it appears that her failure to pursue an interlocutory appeal of that order does not preclude her from appealing it until a final order was entered. *Cf. Hernandez v. Ebrom*, 289 S.W.3d 316, 318 (Tex. 2009) (holding that physician's failure to pursue interlocutory appeal from order denying challenge to adequacy of expert report did not preclude him from challenging the order by appeal after patient nonsuited him and final judgment was entered).

On the merits of Perry's appeal of the dismissal order as to Bradley, Horseman's report was "no report" as to Bradley and the trial court was required to dismiss Perry's claim against Bradley under subsection 74.351(b). TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b). We thus overrule in part Perry's first issue, which asserts that her reports met section 74.351's expert report requirements.

## Expert Qualification

Section 74.351 of the Civil Practices and Remedies Code provides that within 120 days of filing suit, a claimant must serve a curriculum vitae (CV) and one or more expert reports regarding every defendant against whom a health care claim is asserted. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). We review the trial court's decision to dismiss a health-care liability claim by the abuse-of-discretion standard. *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001). A trial court's decision on whether a person is qualified to offer an expert opinion in a health-care liability claim is also reviewed under the abuse-of-discretion standard. *Moore v. Gatica*, 269 S.W.3d 134, 139 (Tex. App.—Fort Worth 2008, pet. denied).

We begin with Bradley and Brookshire's objection that Horseman is not qualified because his report and CV do not establish that he has knowledge of the applicable standard of care. On the issue of Horseman's qualifications, the applicable statute, section 74.402, provides in pertinent part:

(b) In a suit involving a health care liability claim against a health care provider, a person may qualify as an expert witness on the issue of whether the health care provider departed from accepted standards of care only if the person:

(1) is practicing health care in a field of practice that involves the same type of care or treatment as that delivered by the defendant health care provider, if the defendant health care provider is an individual, at the time the testimony is given or was practicing that type of health care at the time the claim arose;

(2) has knowledge of accepted standards of care for health care providers for the diagnosis, care, or treatment of the illness, injury, or condition involved in the claim; and

(3) is qualified on the basis of training or experience to offer an expert opinion regarding those accepted standards of health care.

(c) In determining whether a witness is qualified on the basis of training or experience, the court shall consider whether, at the time the claim arose or at the time the testimony is given, the witness:

(1) is certified by a licensing agency of one or more states of the United States or a national professional certifying agency, or has other substantial training or experience, in the area of health care relevant to the claim; and

(2) is actively practicing health care in rendering health care services relevant to the claim.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.402(b, c) (West 2011).

Horseman's report and CV identify him as a licensed Texas pharmacist and state that his professional experience is as a "clinical pharmacist" and pharmacy school faculty member (associate professor of pharmacy). His report states that "Brookshire Pharmacy failed to meet the standard of care by dispensing carvedilol instead of Diovan (generic name is valsartan)." The report then lists five "routine responsibilities of pharmacists (in retail or outpatient pharmacies) when dispensing a new prescription

or refill."[1]

Nowhere in Horseman's report does he state *how* he is knowledgeable of the standard of care or of these "routine responsibilities," and we cannot infer from his training or experience that he is qualified to offer an expert opinion regarding the standard of care applicable to retail or outpatient pharmacies. *See Clark v. HCA, Inc.,* 210 S.W.3d 1, 7-8 (Tex. App.—El Paso 2005, no pet.); *Webb,* 228 S.W.3d at 279; *cf. Davisson v. Nicholson,* 310 S.W.3d 543, 550-52, 553-55 (Tex. App.—Fort Worth 2010, no pet.) (discussing how contents of expert reports and CV's established experts' qualifications to opine on standard of care). Horseman's training and experience as a pharmacist and his experience as a pharmacy professor may well qualify him to render an opinion on the standard of care in this case, but his report and CV are silent.[2] *See Clark,* 210 S.W.3d at 8. Furthermore, "[m]erely being a physician is insufficient to qualify as a medical expert." *Salais,* 323 S.W.3d at 536 (citing *Broders v. Heise,* 924 S.W.2d 148, 152 (Tex. 1996), and *Hagedorn v. Tisdale,* 73 S.W.3d 341, 350 (Tex. App.—Amarillo 2002, no pet.)). It must follow that merely being a pharmacist is insufficient to qualify as a pharmacy expert.

---

[1] Given our disposition, we assume without deciding that these "routine responsibilities" are the standards of care involved in Perry's claim, but were we not to make this assumption, we note that we are precluded "from filling gaps in a report or by drawing inferences or guessing as to what the expert likely meant or intended." *Austin Heart, P.A. v. Webb,* 228 S.W.3d 276, 279 (Tex. App.—Austin 2007, no pet.); *cf. Walgreen Co. v. Hieger,* 243 S.W.3d 183, 188-89 (Tex. App.—Houston 2007, pet. denied) (Seymore, J., dissenting) (setting out pharmacist expert's report on standard of care and breach).

[2] We emphasize and clarify that a court views both the expert report and the CV to determine if an expert is qualified. *See, e.g., Salais v. Tex. Dept. Aging & Disability Serv's.,* 323 S.W.3d 527, 531-33 (Tex. App.—Waco 2010, pet. denied); *Davisson,* 310 S.W.3d at 550-52, 553-55; *Clark,* 210 S.W.3d at 8. But position descriptions alone in a CV can be conclusory and thus inadequate to establish an expert's qualification, and in that situation, the report must explain how the expert is qualified to opine on standard of care, breach, or causation. *See, e.g., Salais,* 323 S.W.3d at 535-36; *Clark,* 210 S.W.3d at 8; *cf. Davisson,* 310 S.W.3d at 551-52 ("Dr. Helge's curriculum vitae shows that he is a practicing psychologist and that he has treated patients who are taking Adderall prescribed by a doctor. As such, he meets the requirements of section 74.402 as to the Clinic's principal, Dr. Davisson, at least.").

For these reasons, we cannot say that the trial court abused its discretion in implicitly finding that Horseman is not qualified. We overrule issue two and need not address Perry's other two issues concerning the qualification of her medical expert on causation and the adequacy of both reports as to Brookshire. The trial court's order dismissing Perry's claim against Brookshire is affirmed. Because the trial court's August 2 order properly dismissed Perry's claim against Bradley, that order is also affirmed.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
      (Chief Justice Gray concurs in the judgment. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed December 21, 2011
[CV06]